IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, | ) |
| Plaintiff, | ) |
| v. | ) 05-145J |
| THE ASSOCIATED PRESS, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Valencia M. McClatchey ("Plaintiff" or "Ms. McClatchey") complains of defendant The Associated Press ("AP" or "Defendant") as follows:

### NATURE OF THE ACTION

1. This Complaint states claims for violations of the Copyright Act, 17 U.S.C. §§ 101, et. seq.

### JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1338(a) because the Defendant is charged with copyright infringement under the Copyright Act, 17 U.S.C. § 101, et. seq.

3. AP resides in and/or does business in this State and District by intentionally engaging in acts targeted at this District, purporting to enter into agreements with residents of this State and District, and purposefully availing themselves of the privilege of conducting activities in this State and District.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(a) because this is a judicial District in which a substantial part of the events giving rise to the claims occurred, and this is a judicial District in which the AP resides or may be found.

### PARTIES

5. Plaintiff Valencia McClatchey is an individual and resident of Pennsylvania, with

a principal address at 107 Osage Path, Stoystown, Pennsylvania, 15563. Ms. McClatchey is the registered copyright owner of a photograph entitled "End of Serenity", and bearing copyright registration number VA 1-128-462. A copy of the copyright registration is attached as Exhibit A. In addition, a copyrighted photocopy of the photograph is attached as Exhibit B.

6. Defendant The Associated Press is a not-for-profit corporation incorporated under the laws of New York with 242 bureaus worldwide and headquarters at 40 W. 33rd Street, New York, New York 10001. AP is registered to do business in Pennsylvania and has a registered office at the Telegraph Building, Harrisburg, Pennsylvania, 17105. In addition, AP has an office located at 6 Gateway Center, Suite 222, Pittsburgh, Pennsylvania, 15222. AP is in the business of producing and archiving news information and related media, including videos and photographs, for third party news provider use. More than a billion people a day read, hear, or see AP's news. In the United States, AP serves 1,700 newspapers and 5,000 radio and television stations. The AP also has more than 8,500 International subscribers in newspaper, radio and television in 121 countries. As such, the AP has obtained significant prestige as a national news media provider.

## BACKGROUND

7. In the aftermath of the September 11, 2001 terrorist attacks, the media was flooded with articles, photographic and video footage related to the attacks.

8. AP has published a significant number of articles, photographs, and similar materials on and related to the September 11, 2001 terrorist attacks.

9. AP has made their publications, both print and online, available throughout the United States and the world.

10. Despite the flood of media attention related to the attacks, Plaintiff took what turned out to be the only existing photograph of the immediate aftermath of the crash of Flight 93 in Somerset County, Pennsylvania. Plaintiff entitled her photograph "End of Serenity." The

photograph has been used across the nation, internationally, and is in the Smithsonian Institution's exhibit on the September 11 attacks. The original digital image is in custody of the FBI.

11. At all relevant times, copyright in the photograph has been filed and registered in Plaintiff's name with the United States Copyright Office. The effective date of registration of the photograph is January 29, 2002.

12. Plaintiff donates the photograph free of charge for use by non-commercial organizations and entities. Further, a substantial portion of any proceeds that Plaintiff has received from commercial sale and use of the photograph is donated to the Todd M. Beamer Foundation, which aids children affected by the 9/11/01 attacks.

13. On or about September, 2002, Charles Sheehan, a writer for the Associated Press, interviewed the Plaintiff about the photograph for a news article entitled "Photo Brought Fame, Not Fortune For Woman." The article, which published on September 13, 2002, is attached as Exhibit C. In the article, Mr. Sheehan describes the unique nature of the photograph, "[t]he picture is one of the few images of the crash, and within two weeks it had been purchased by major U.S. magazines including U.S. News & World Report, Newsweek, Time, and several major magazines in Europe."

14. Plaintiff provided to the AP a courtesy copy of the photograph to use in connection with the proposed article. The courtesy copy included and incorporated a copyright notice line identifying Plaintiff as the rights holder to the work.

15. At no time did Plaintiff, either orally or in writing, provide to AP any express or implied authority to license or re-sell the "End of Serenity" photograph.

16. As a gesture of goodwill, Plaintiff gave Gene Puskar, an AP photographer, an 8X10 of the photograph for his personal use, which included and incorporated a copyright notice line identifying Plaintiff as rights holder to the work. Plaintiff further reminded Mr. Puskar that

the photograph was copyrighted.

17. At no time did Plaintiff, either orally or in writing, authorize Mr. Puskar to provide to AP any express or implied authority to license or re-sell the "End of Serenity" photograph.

18. Upon information and belief, either Mr. Puskar provided the photograph to the AP, or the AP made use of the courtesy copy of the photograph they had been given for use in the article. The AP then removed the Plaintiff's name and copyright notice from the photograph, and placed the photograph in a downloadable database on their Internet web site.

19. AP collects licensing revenue from customers and licensees, such as America Online ("AOL"), in connection with providing access to AP's downloadable database and archived materials.

20. Upon information and belief, on or about August 2003, AOL downloaded Plaintiff's copyrighted photograph from AP's database. The downloaded photograph did not contain a copyright notice identifying Plaintiff as the copyright owner of the work. On August 8, 2003, the "End of Serenity" appeared on AOL's home page. See the August 8, 2003 AOL homepage screen shot attached as Exhibit D.

21. At no time prior to or following providing AOL or any other customer's access to the photograph did AP obtain permission from Plaintiff to alter, license to the public, or authorize use of Plaintiff's copyrighted work.

## COUNT I
### (Direct Copyright Infringement)

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 et. seq., as amended, and all other laws and regulations governing copyrights, and has secured the exclusive rights and privileges in and to the copyright of the photograph "End of

Serenity."

24. AP engaged in direct infringement of Plaintiff's copyright by (a) reproducing, distributing, and displaying the photograph without Plaintiff's permission, license, or consent; and (b) preparing derivative works based upon the photograph without Plaintiff's permission, license or consent. AP's conduct constitutes direct infringement under 17 U.S.C. §§ 106 and 501 et seq.

25. The foregoing acts of infringement by AP have been willful, intentional, and purposeful, in disregard of, and indifferent to the rights of the Plaintiff.

26. As a direct and proximate result of the direct infringements by AP of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and AP's profits pursuant to 17 U.S.C. § 504(b) for each act of infringement.

27. Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, or such other amounts as may be proper under 17 U.S.C. § 504(c) for each infringement.

28. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

29. AP's conduct threatens to cause, and is causing, and unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of her copyright and exclusive rights under copyright.

## COUNT II
### (Contributory Copyright Infringement)

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 as if fully set forth herein.

31.     As a result of AP's conduct, copyright infringements occur whenever AP's customers or licensees, without authorization of the Plaintiff, download the photograph from the AP database to their own computer. This action creates an unauthorized distribution and results in an unauthorized copy. Each of these infringements is facilitated, encouraged, and made possible by the AP. Upon information and belief, the photograph has been widely downloaded and obtained from the AP by at least The Washington Post, The Chicago Tribune, and America Online ("AOL").

32.     Through its conduct, AP has engaged and continues to engage in the business of knowingly and systematically inducing, causing, and materially contributing to the above described unauthorized reproductions and/or distributions of the Plaintiff's work.

33.     The foregoing acts of infringement by AP have been willful, intentional, and purposeful, in disregard of, and indifferent to the rights of the Plaintiff.

34.     AP's conduct constitutes contributory infringement of Plaintiff's copyright and Plaintiff's exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

35.     As a direct and proximate result of the contributory infringements by AP of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and AP's profits pursuant to 17 U.S.C. § 504(b) for each act of contributory infringement.

36.     Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, or such other amounts as may be proper under 17 U.S.C. § 504(c) for each contributory infringement.

37.     Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

38.     The conduct of AP threatens to cause, and is causing, and unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money. Plaintiff has no adequate remedy at law.

Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of her copyright and exclusive rights under copyright.

## COUNT III
### (Vicarious Copyright Infringement)

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 as if fully set forth herein.

40. At all relevant times, AP had the right and ability to supervise and/or control the infringing conduct of its customers/licensees by, without limitation, removing the photograph from its archives and/or removing the photograph from its downloadable database, but has failed to exercise such supervision and/or control. As a direct and proximate result of such failure, AP's customers and licensees have infringed Plaintiff's copyright.

41. At all relevant times, AP derived substantial financial benefit from infringement of Plaintiff's copyright by its customers and licensees in that, among other things, it had the only existing photograph taken of the immediate aftermath of Flight 93, and it receives payment from its customers and licensees for access to the downloadable database of photographs.

42. The foregoing acts of infringement by AP have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

43. AP's conduct constitutes vicarious infringement of Plaintiff's copyright and Plaintiff's exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

44. As a direct and proximate result of the contributory infringements by AP of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and AP's profits pursuant to 17 U.S.C. § 504(b) for each act of vicarious infringement.

45. Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, or such other amounts as may be proper under 17 U.S.C. § 504(c) for each vicarious infringement.

46.     Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT IV
### (Distributing False Copyright Management Information in Violation of the Digital Millennium Copyright Act)

47.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 as if fully set forth herein.

48.     After receiving Plaintiff's photograph, AP intentionally, and without Plaintiff's consent, removed Plaintiff's copyright notice and identifying information from the border of the photograph and placed the photograph in its downloadable database.     49.     AP knowingly distributed Plaintiff's photograph, without Plaintiff's identifying information and copyright notice to AOL and other customers and licensees with the intent to induce, enable, facilitate, or conceal infringement.

50.     AP's conduct constitutes providing false copyright management information in violation of 17 U.S.C. §§ 1202(a).

51.     As a direct and proximate result of AP's violations, Plaintiff is entitled to damages and AP's profits pursuant to 17 U.S.C. § 1203(c)(2) for each violation.

52.     Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 1203(c)(3)(B), in the amount of $25,000 for each violation.

53.     Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b).

## COUNT V
### (Removal of Copyright Management Information in Violation of the Digital Millennium Copyright Act)

54.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 as if fully set forth herein.

55. After receiving Plaintiff's photograph, AP intentionally, and without Plaintiff's consent, removed Plaintiff's copyright notice and identifying information from the border of the photograph and placed the photograph on its web site.

56. AP's conduct constitutes removing and altering copyright management information, in violation of 17 U.S.C. §§ 1202(b).

57. As a direct and proximate result of AP's violations, Plaintiff is entitled to damages and AP's profits pursuant to 17 U.S.C. § 1203(c)(2) for each violation.

58. Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 1203(c)(3)(B), in the amount of $25,000 for each violation.

59. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against AP as follows:

A. For AP's profits and for damages in such an amount as may be found, or alternatively, for maximum statutory damages of not less than $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

B. For a preliminary and a permanent injunction enjoining AP and AP's agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from (i) directly or indirectly infringing in any manner any of Plaintiff's copyright or other exclusive rights (whether now in existence or hereafter created); (ii) causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiff's respective copyrights; and (iii) causing, contributing to enabling, facilitating, or participating in the reproduction or distribution of any of Plaintiff's copyrights.

    C.    For AP's profits and for damages in such an amount as may be found, or alternatively, for maximum statutory damages of not less than $25,000 per violation or for such other amount as may be proper pursuant to U.S.C. § 1203(c)(3)(B).

    D.    For AP's profits and for damages in such an amount as may be found, or alternatively, for maximum statutory damages of not less than $25,000 per violation or for such other amount as may be proper pursuant to U.S.C. § 1203(c)(3)(B).

    E.    For prejudgment interest according to law.

    F.    For Plaintiff's attorneys' fees, costs, and disbursements in this action.
    G.    For such other and further relief as the Court my deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ms. McClatchey requests a trial by jury on all issues presented that can properly be tried to a jury.

Respectfully submitted,

*/s/ John E. Hall*

John E. Hall
Eckert Seamans Cherin & Mellott, LLC
USX Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone: (412) 566-6000
Fax: (412) 566-6099

Douglas M. Hall
Kara L. Szpondowski
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: 312-236-0733
Fax: 312-236-3137
*Attorneys for Valencia M. McClatchey*

10-28-04; 4:05PM;Karlowitz and Cromer ;4122882407 # 4/ 34

A

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

## CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

Registration Number

**VA 1-128-462**

Effective Date of Registration
1-29-2002

Application Received
Jan 29 02

Deposit Received
One | Two Jan 29

Fee Received

Examined By
Correspondence

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

| | | |
|---|---|---|
| **Title of This Work:** Alternative title or title of larger work in which this work was published: | **1** | END of SERENITY |
| **Name and Address of Author and Owner of the Copyright:** Nationality or domicile: Phone, fax, and email: | **2** | VALENCIA M. McCLATCHEY 107 OSAGE PATH STOYSTOWN, PA. 15563 Phone (814) 754-4796  Fax ( ) Email Stooge@shol.com |
| **Year of Creation:** | **3** | 2001 |
| **If work has been published, Date and Nation of Publication:** | **4** | a. Date OCTOBER 1 2001 (Month, day, and year all required) b. Nation USA |
| **Type of Authorship in This Work:** Check all that this author created. | **5** | ☐ 3-Dimensional sculpture ☒ Photograph ☐ Map ☐ 2-Dimensional artwork ☐ Jewelry design ☐ Text ☐ Technical drawing |
| **Signature:** Registration cannot be completed without a signature. | **6** | I certify that the statements made by me in this application are correct to the best of my knowledge.* Check or ☒ Author ☐ Authorized agent X *Valencia M McClatchey* |
| **Name and Address of Person to Contact for Rights and Permissions:** Phone, fax, and email: | **7** | ☒ Check here if same as #2 above. Phone ( )    Fax ( ) Email |

**EXHIBIT A**

| **8** Certificate will be mailed in window envelope to this address: | Name ▼ VALENCIA M McCLATCHEY Number/Street/Apt ▼ 107 OSAGE PATH City/State/ZIP ▼ STOYSTOWN, PA. 15563 | **9** Deposit Account # Name DO NOT WRITE HERE Page 1 of ___ p |

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection the application, shall be fined not more than $2,500.

*U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879

B



**EXHIBIT**

B

## WORLD IN TURMOIL

# Photo brought fame, not fortune for woman

## Shanksville resident captured horror

**By CHARLES SHEEHAN**
THE ASSOCIATED PRESS

SHANKSVILLE — The horror unfolding on Val McClatchey's television the morning of Sept. 11 was just beginning to sink in when a violent blast outside cut the power to her home and blackened the screen.

Running outside, McClatchey, 46, captured with a digital camera the moment that the terrorist attacks, once hundreds of miles away, came to this Western Pennsylvania community of 245 people.

The time and date recorded on the image marked the beginning of a tumultuous year for McClatchey. She came to the crash site, about a mile from her home where she took the picture, to mark the anniversary with thousands of others Wednesday.

"I just felt that this was one of the only places I could kind of blend in and find some anonymity," she said. "It's been chaos since that day."

In the image, which has brought news crews to the front door and a limited amount of fame to McClatchey, a sinister black, mushroom-shaped cloud rises from an otherwise peaceful view of a farm with a painted red barn.

United Airlines Flight 93 crashed just outside Shanksville shortly after 10 a.m. Sept. 11. Investigators say passengers aboard the Boeing 757 fought hijackers for control before the airliner crashed upside down in an open field, killing all 40 passengers and crew.

The picture is one of the few images of the crash, and within two weeks it had been purchased by major U.S. magazines including U.S. News & World Report, Newsweek, Time and several major magazines in Europe.

But ripples from the terrorist attacks had an almost immediate effect on McClatchey and her husband, John.

JCM Industries, a sawmill owned and operated by John McClatchey with 46 employees, was forced to file for bankruptcy protection on Sept. 20.

"After the attacks, insurance companies just didn't want to cover companies that did work that's considered risky," Mr. McClatchey said. "We had always been able to get insurance, but things changed."

He said the attacks may not have been the sole reason for the collapse of his business, but they played a direct role.

In the year after the attacks, with the sawmill gone, Mrs. McClatchey's health would take a turn for the worse. She would need gallbladder surgery and tumors removed from her kidneys and liver.

"We're struggling," she said. "My husband got a job brokering pallets. I took real estate classes and got my license, but it's been hard."

The images McClatchey said she sold for $250 to $350 have not done much to help the couple financially.

Some residents of the region who wanted copies of the image have insisted on paying cash to cover costs of printing, and McClatchey said she has donated almost all of that money to the Todd M. Beamer Foundation, a fund named after one of the passengers aboard Flight 93 that aids children affected by the terrorist attacks.

But the McClatcheys say they are waiting to see what next year will bring, and they remain optimistic.

"It depends on how things go the bankruptcy, but I know we stronger people now than we we year ago," she said. "This w town is, but I think we're ready break."

Val McClatchey of Shanksville holds the photograph she snap outside her home shortly after the crash of United Airlines Flight



EXHIBIT D

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-145

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Valencia M. McClatchey

## DEFENDANTS
The Associated Press

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Eckert Seamans Cherin & Mellott, LLC
USX Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Section 101, et seq.

Brief description of cause: Copyright Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 2-23-05

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



JS 44A REVISED OCTOBER, 1993

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THIS CASE DESIGNATION SHEET MUST BE COMPLETED

PART A

This case belongs on the ( _____ Erie __X__ Johnstown _____ Pittsburgh) calendar.

1. ERIE CALENDAR - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venang or Warren, OR <u>any</u> plaintiff or defendant resides in one of said counties.
2. JOHNSTOWN CALENDAR - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR <u>any</u> plaintiff or defendant resides in one of said counties.
3. Complete if on ERIE CALENDAR: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.
4. Complete if on JOHNSTOWN CALENDAR: I certify that the cause of action arose in __Somerset__ County and that the __Plaintiff__ resides in __Somerset__ County.

PART B (You are to check ONE of the following)
1. ____ This case is related to Number _____ Judge _____.
2. _X_ This case is not related to a pending or terminated case.

DEFINITIONS OF RELATED CASES:
CIVIL: Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit
EMINENT DOMAIN: Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.
HABEAS CORPUS & CIVIL RIGHTS: All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

PART C
1. CIVIL CATEGORY (Place x in only applicable category).
    1.   ( )   Antitrust and Securities Act Cases
    2.   ( )   Labor-Management Relations
    3.   ( )   Habeas Corpus
    4.   ( )   Civil Rights
    5.   (X)   Patent, Copyright, and Trademark
    6.   ( )   Eminent Domain
    7.   ( )   All other federal question cases
    8.   ( )   All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor vehicle, products liability, assault, defamation, malicious prosecution, and false arrest
    9.   ( )   Insurance indemnity, contract and other diversity cases.
    10.  ( )   Government Collection Cases (shall include HEW Student Loans (Education), VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.), HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.B.A. Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: Feb 22, 2005

ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.