IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-145J |
| v. ) | |
| ) | |
| THE ASSOCIATED PRESS, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION OF THE ASSOCIATED PRESS FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Court of the United States District Court for the Western District of Pennsylvania, Defendant The Associated Press ("AP"), by and through its undersigned counsel, hereby moves for summary judgment dismissing all of the claims asserted against it by Plaintiff Valencia M. McClatchey ("McClatchey"). Summary judgment is sought for the reasons set forth in the accompanying Memorandum and on the following specific grounds:

1. Count I, which asserts a claim for direct copyright infringement, should be dismissed because AP's publication of McClatchey's photograph in connection with the AP news report about her and her photograph was a fair use under 17 U.S.C. § 107.

2. Count II, which asserts a claim for contributory copyright infringement, should be dismissed because (a) there is no evidence in the record of direct infringement by a third party; (b) AP did not intend to induce or encourage any third-party infringement; and (c) AP did not know that any third party infringed McClatchey's copyright.

3. Count III, which asserts a claim for vicarious copyright infringement, should be dismissed because (a) there is no evidence in the record of direct infringement by a third party; (b) AP did not benefit financially from any alleged third-party infringement; and (c) AP does not have the right or ability to supervise the conduct or publications of third parties who may have received AP's own publication.

4. Count IV, which asserts a claim for distributing false copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(a), should be dismissed because (a) AP did not distribute false copyright management information; and (b) AP did not intend to aid copyright infringement.

5. Count V, which asserts a claim for removing false copyright management information under the DMCA, 17 U.S.C. § 1202(b), should be dismissed because (a) McClatchey provided AP with a copy of the photograph that did not contain a copyright notice, and thus AP could not, and did not, remove any copyright management information; (b) even if McClatchey's photograph contained a copyright notice, that notice does not qualify as "copyright management information" under the DMCA; and (c) even if plaintiff's textual copyright notice qualifies as "copyright management information," AP did not intend to aid infringement.

In the alternative, to the extent that any of McClatchey's claims are not dismissed, AP moves for summary judgment on McClatchey's claims for statutory damages for the reasons set forth in the accompanying Memorandum and on the following specific grounds:

1.      AP acted innocently and not willfully within the meaning of 17 U.S.C. § 504(c)(2), which provides for a plaintiffs' entitlement to enhanced and reduced statutory damages. Accordingly, to the extent that McClatchey establishes any violation of the Copyright Act at all, she is not entitled to an enhancement in statutory damages, and AP is entitled to a reduction in statutory damages.

2.      To the extent that McClatchey establishes a violation of the Copyright Act and is entitled to any statutory damages, she is entitled to collect only one damage award because only one work was allegedly infringed. *See* 17 U.S.C. § 504(c)(1).

For each of these reasons, AP respectfully requests that the Court grant its motion for summary judgment, dismiss each of Plaintiffs' claims, and enter judgment in favor of AP.

Dated: May 15, 2006          Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By:   /s/ Robert Penchina
Robert Penchina (*Pro Hac Vice*)
230 Park Avenue, Suite 1160
New York, NY 10169
(212) 850-6100
(212) 850-6299 (Fax)

Gayle C. Sproul, I.D. No. 38833
Michael Berry, I.D. No. 86351 (*Pro Hac Vice*)
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778
(215) 988-9750 (Fax)

*Attorneys for The Associated Press*

## CERTIFICATE OF SERVICE

I, Gayle C. Sproul, hereby certify that on this 15th day of May, 2006, I caused to be served a true and correct copy of the foregoing Motion of The Associated Press for Summary Judgment, the Memorandum in support thereof, Defendants' Statement of Undisputed Material Facts, and the Appendix thereto via the Court's ECF system, upon the following counsel of record:

> Douglas M. Hall
> Kara L. Szpondowski
> Niro, Scavone, Haller & Niro
> 181 West Madison, Suite 4600
> Chicago, Illinois 60602-4515
>
> John E. Hall
> Eckert Seamans Cherin & Mellott, LLC
> USX Tower
> 600 Grant Street, 44th Floor
> Pittsburgh, Pennsylvania 15219

> /s/ Gayle C. Sproul
> Gayle C. Sproul