Tab 13

# Responses and Objections of Defendant The Associated Press to the First Set of Requests for Admission by Plaintiff Valencia McClatchey

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-145J |
| v. ) | |
| ) | |
| THE ASSOCIATED PRESS, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant ) | |
| ) | |

### RESPONSES AND OBJECTIONS OF DEFENDANT THE ASSOCIATED PRESS TO THE FIRST SET OF REQUESTS FOR ADMISSION BY PLAINTIFF VALENCIA MCCLATCHEY

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant The Associated Press (hereinafter referred to as "AP"), by and through its undersigned counsel, submits the following Responses and Objections to the First Set of Requests for Admission by Plaintiff Valencia McClatchey:

### GENERAL OBJECTIONS

AP responds to the requests subject to the objections set forth herein and without waiving, and expressly preserving, (a) any objection as to competency, relevancy, materiality, privilege, and admissibility of any of the responses; and (b) the right to object to other discovery requests.

1. AP objects to the requests to the extent that they seek information reflecting information or communications protected from discovery by privilege, including, but not limited to (a) the attorney work-product privilege, (b) the attorney-client privilege, and/or (c) any other applicable privilege.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

Subject to and without waiver of the foregoing General Objections, each of which is hereby incorporated into each of AP's specific responses below, and subject to the additional specific objections set forth below, AP responds as follows to plaintiff's requests for admission:

### REQUEST NO. 1:

There is no written agreement between Valencia M. McClatchey and the AP regarding the AP's use of the "End of Serenity" Photograph.

**Response:** Admitted

### REQUEST NO. 2:

There is no written agreement between Valencia M. McClatchey and the AP in which the AP is to receive the right to distribute the "End of Serenity" photograph to its members and subscribers.

**Response:** Admitted.

### REQUEST NO. 3:

There is no oral agreement between Valencia M. McClatchey and the AP in which the AP is to receive the right to distribute the "End of Serenity" photograph to its members and subscribers.

**Response:** Denied as stated. There was an understanding between AP and plaintiff pursuant to which AP was entitled to use the photograph in connection with a report to be distributed to AP members and subscribers.

### REQUEST NO. 4:

The AP transmitted Ms. McClatchey's "End of Serenity" photograph electronically to its members and subscribers.

**Response:** In addition to the General Objections set forth above, AP objects to Request No. 4 to the extent it purports to relate to all members and subscribers to any service of AP as opposed to members and subscribers of the particular AP services through which the photograph

3

**REQUEST NO. 7:**

The AP is the largest news organization in the world.

**Response:** In addition to the General Objections set forth above, AP objects to Request No. 7 because it does not seek information relevant to any claim or defense in the above-captioned matter and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its objections, upon information and belief AP admits Request No. 7.

**REQUEST NO. 8:**

As a news source, the AP serves more than a billion people a day.

**Response:** In addition to the General Objections set forth above, AP objects to Request No. 8 to the extent that it purports to relate to the potential reach of AP services other than those through which photographs may be provided, and to the extent it fails to define "news source" and "serves" as those terms are vague and ambiguous. Subject to and without waiver of its objections, AP denies Request No. 8 as stated. By way of further response, AP states that AP is a source of news, including audio, video, text and other news formats, to various news outlets around the world, and those news outlets themselves reach more than a billion people around the world.

**REQUEST NO. 9:**

The AP has a digital photo archive that is accessible by its members and subscribers.

**Response:** In addition to the General Objections set forth above, AP objects to Request No. 9 to the extent it refers to AP members or subscribers who do not subscribe to the specific AP services through which access to AP's digital photo archive is authorized. Subject to and without waiver of its objections, AP denies Request No. 9 as stated, but admits that AP's digital

photo archive is accessible by AP members and subscribers that subscribe to specific AP services pursuant to which access to the photo archive is granted.

### REQUEST NO. 10:

The "End of Serenity" photograph was accessible to the AP's members and subscribers via the AP's digital photo archive from September 12, 2002 through November of 2004.

**Response:** In addition to the General Objections set forth above, AP objects to Request No. 10 to the extent it refers to AP members and subscribers who do not subscribe to the specific AP services through which access to AP's digital photo archive is authorized. Subject to and without waiver of its objections, AP denies Request No. 10 as stated. The photograph was accessible in AP's digital photo archive from September 12, 2002 to November 2003 – earlier than stated in Request No. 10 – only by AP members and subscribers to the specific AP services pursuant to which access to the digital photo archive is authorized.

### REQUEST NO. 11:

The AP removed the "End of Serenity" photograph from its digital photo archive in November 2004.

**Response:** Denied. AP removed the photograph from its digital photo archive in November 2003.

### REQUEST NO. 12:

When the AP removed the "End of Serenity" photograph in November 2004, it took no steps to inform its members and subscribers that it had no rights in the photograph

**Response:** In addition to the General Objection set forth above, AP objects to Request No. 12 to the extent it fails to define "steps to inform" and that phrase is vague and ambiguous. Subject to and without waiver of its objections, AP denies Request No. 12 as stated. AP removed the photograph from its digital photo archive in November 2003. At that time, AP

6

added restrictions to the metadata associated with the photograph stating "Do Not Retransmit. AP No Longer Has Rights to this Handout Image."

**REQUEST NO. 13:**

The AP's members make up the majority of public news sources in the United States.

**Response:** In addition to the General Objections set forth above, AP objects to Request No. 13 to the extent that it fails to define "public news sources" and that term is vague and ambiguous. AP further objects to Request No. 13 because it seeks information outside of AP's possession, custody, or control. Finally, AP objects to Request No. 13 because it does not seek information relevant to any claim or defense in the above-captioned matter and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its objections, AP lacks knowledge or information sufficient to admit or deny this request, and, after making reasonable inquiry, the information known or readily obtainable by AP is insufficient to enable AP to admit or deny this request.

**REQUEST NO. 14:**

The "End of Serenity" photograph was made available electronically to every member and subscriber of the AP as of September 12, 2002.

**Response:** Denied.

**REQUEST NO. 15:**

Gene Puskar was employed as a staff photographer for the AP on September 11, 2002.

**Response:** Admitted.

**REQUEST NO. 16:**

Gene Puskar took a photograph of the "End of Serenity" photograph and submitted it to the AP.

7

**Response:** Admitted

**REQUEST NO. 17:**

Gene Puskar acted on behalf of the AP when he submitted his digital photograph of the "End of Serenity" photograph to the AP.

**Response:** Admitted

**REQUEST NO. 18:**

Gene Puskar acted as an agent of the AP when he submitted his digital photograph of the "End of Serenity" photograph to the AP.

**Response:** In addition to the General Objections set forth above, AP objects to Request No. 18 to the extent it is vague and ambiguous in that it does not define the legal term "agent" nor establish any parameters for the scope of any agency referenced thereby. Subject to and without waiver of its objections, AP denies Request No. 18 as stated. AP admits that Gene Puskar was an employee of the AP and was acting within the scope of that employment when he submitted a digital photograph of the "End of Serenity" photograph to AP.

**REQUEST NO. 19:**

Gene Puskar's photograph of the "End of Serenity" photograph, as transmitted to the AP, cropped off at least a portion of the bottom of the photograph.

**Response:** Admitted.

**REQUEST NO. 20:**

Gene Puskar's photograph of the "End of Serenity" photograph, as transmitted to the AP, cropped off at least a portion of the top of the photograph.

**Response:** Admitted

8

**REQUEST NO. 21:**

Gene Puskar's photograph of the "End of Serenity" photograph, as transmitted to the AP, cropped off at least a portion of the left side of the photograph.

**Response:** Admitted.

**REQUEST NO. 22:**

Gene Puskar's photograph of the "End of Serenity" photograph, as transmitted to the AP, cropped off at least a portion of the right side of the photograph.

**Response:** Admitted

**REQUEST NO. 23:**

Gene Puskar's photograph of the "End of Serenity" photograph cropped off the copyright notice placed on the photograph

**Response:** Denied.

**REQUEST NO. 24:**

The "End of Serenity" photograph is a unique, one of a kind photograph

**Response:** In addition to the General Objections set forth above, AP objects to Request No. 24 because it fails to define "unique" and "one of a kind," and those terms are vague and ambiguous in this context. Subject to and without waiver of its objections, AP denies Request No. 24 as stated. AP admits that the "End of Serenity" photograph is the only photograph of which it is aware that depicts from the vantage point of plaintiff's front porch a smoke cloud rising from the wreckage after Flight 93 crashed in Pennsylvania on September 11, 2001.

**REQUEST NO. 25:**

The "End of Serenity" photo is the only photograph of which the AP is aware that was taken contemporaneous with the September 11th, 2001 Flight 93 plane crash in Pennsylvania.