Tab 14

Responses and Objections of Defendant The Associated
Press to Plaintiff's First Set of Interrogatories (Nos. 1-16)
to Defendant

Dockets.Justia.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VALENCIA M. MCCLATCHEY,   )
                            )
      Plaintiff,        )
                            )     Civil Action No 05-145J
      v.            )
                            )
THE ASSOCIATED PRESS,    )     **JURY TRIAL DEMANDED**
                            )
      Defendant.      )

## RESPONSES AND OBJECTIONS OF DEFENDANT THE ASSOCIATED PRESS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-16) TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant The Associated Press (hereinafter referred to as "AP"), by and through its undersigned counsel, submits the following Responses and Objections to Plaintiff's First Set of Interrogatories:

### GENERAL OBJECTIONS

1.     AP objects to the interrogatories to the extent they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine or immunity.

2.     AP objects to the interrogatories to the extent they are vague or ambiguous.

3.     AP objects to the interrogatories to the extent they seek irrelevant information or are not reasonably calculated to lead to the discovery of admissible evidence.

4     AP objects to the interrogatories to the extent that they are overly broad and to the extent that any attempt to respond to the particular interrogatory would be unduly burdensome, expensive, harassing, or oppressive.

d. Jim Gerberich

e. David Ake

2. Describe in detail the organizational structure of the Associated Press.

**RESPONSE:** Subject to and without waiver of its General Objections, AP responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), AP respectfully refers Plaintiff to the documents being produced in response to Plaintiff's First Request For Production of Documents ("Plaintiff's Doc. Request").

3. Describe in detail the AP's process and/or procedure for making available to its members/subscribers or any other individual or entity any photograph or article it receives.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to Interrogatory No. 3 because it fails to define "receives" and is therefore vague and ambiguous. AP further objects to this Interrogatory because it is overly broad and unduly burdensome. Subject to and without waiver of its objections, AP responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), AP respectfully refers Plaintiff to the documents being produced in response to Plaintiff's Doc. Request.

4. Describe in detail the AP's process and/or procedure from receipt of the "End of Serenity" photograph until the AP distributed the "End of Serenity" photograph to AP members/subscribers, or any other individual or entity.

**RESPONSE:** In addition to the General Objections set forth above, AP objects because Interrogatory No. 4 is vague and ambiguous in that it fails to define "process and/or procedure." AP further objects to this Interrogatory because it seeks irrelevant information and is not reasonably calculated to discover admissible evidence. Subject to and without waiver of its

- 3 -

objections, AP responds as follows: Gene Puskar, to whom Plaintiff presented the photograph at issue in this matter, created a photograph of that photograph, and transmitted his photograph to the AP along with a caption. The notations "No Sales" and "Wide World Photos Out" were added to the instructions field attached to the image at the time the image was entered into AP's system.

5.    Identify all current or former AP employees, agents, or representatives who had any written or oral communications with Plaintiff or any of her agents or representatives, and identify the dates, subject matter, and nature of those communications.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to Interrogatory No. 5 because it seeks information that is not relevant, is not reasonably calculated to seek admissible evidence, and is overly broad to the extent it seeks information concerning communications unrelated to the subject matter of the above-captioned action. AP further objects to the extent that Plaintiff already possesses the information sought in Interrogatory No. 5. AP also objects to this Interrogatory to the extent it seeks information outside of AP's possession, custody, and control. Finally, AP objects to Interrogatory No. 5 because it calls for a legal conclusion concerning who is an "agent" of AP and Plaintiff. Subject to and without waiver of its objections, AP responds to Interrogatory No. 5 as follows: Gene Puskar and Charles Sheehan communicated with Plaintiff concerning the photograph at issue in this case. George Galt, Esq. had communications with representatives of Plaintiff concerning the photograph at issue in this case.

6.    Identify all persons or entities known or believed to have downloaded or accessed the "End of Serenity" photograph through the AP database or archive, or through any other means provided by the AP.

- 4 -

**RESPONSE:** In addition to the General Objections set forth above, AP objects to Interrogatory No. 6 to the extent it calls for AP to speculate about whom it "believe[s]" downloaded or accessed the photograph at issue. AP further objects to this Interrogatory because it fails to define "downloaded" and "accessed" and is thus vague and ambiguous. Additionally, AP objects to Interrogatory No. 6 because whether persons or entities "accessed" the photograph in question is not relevant to any claim or defense in this matter and seeking information concerning who "accessed" the photograph is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its objections, AP responds to Interrogatory No. 6 as follows: Pursuant to Fed. R. Civ. Proc. 33(d), AP respectfully refers Plaintiff to the documents being produced in response to Plaintiff's Doc. Request.

7.    Identify (1) when the "End of Serenity" photograph was put into the AP database or archive; (2) when the "End of Serenity" photograph became accessible and/or was distributed to AP subscribers/members, or any other individuals or entities through means provided by the AP; (3) when any AP subscriber/member made use of the "End of Serenity" photograph (either by publication or other means), and; (4) when, if ever, the AP removed the "End of Serenity" photograph from its archives or database so that it was no longer accessible.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to Interrogatory No. 7 because it is vague and ambiguous to the extent it fails to define "was put into," "made use," and "other means." AP further objects to this Interrogatory because when the photograph was "accessible" is neither relevant nor reasonably calculated to discover admissible evidence. AP also objects to Interrogatory No. 7 because it seeks information outside AP's knowledge or possession to the extent that it seeks information concerning when, and whether, any AP subscriber/member "made use" of the photograph. Subject to and without waiver of its

- 5 -

objections, AP responds to Interrogatory No. 7 as follows: The photograph at issue was never made accessible for sale by AP, but was accessible to AP members and subscribers of AP in conjunction with AP's report entitled "Woman who captured searing Flight 93 image struggles a year later" on September 11, 2002. On or about December 11, 2003, the image was made completely inaccessible by AP.

8.    State (1) the AP's subscriber/membership fees and/or rates from 2001 to current; and (2) the number of AP members/subscribers from 2001 to current. If there are different fees and/or rates for different types of members/subscribers, provide the number of AP members/subscribers for each of those types from 2001 to current.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to Interrogatory No. 8 because it seeks information that is neither relevant nor reasonably calculated to discover admissible evidence, and is overly broad and unduly burdensome. Specifically, "AP's subscriber/membership fees and/or rates," "the number of AP members/subscribers," and whether "there are different fees and/or rates for different types of members/subscribers" have no bearing on any issue in this case. Likewise, the Interrogatory seeks irrelevant information to the extent it asks about AP subscriber, member, or fee information for any period prior to September 2002, the time at which Plaintiff alleges that Charles Sheehan interviewed her and she provided AP and/or Gene Puskar with a copy of the photograph in question. Subject to and without waiver of its objections, AP responds to Interrogatory No. 8 as follows: Pursuant to Fed. R. Civ. Proc. 33(d), AP respectfully refers Plaintiff to the documents being produced in response to Plaintiff's Doc. Request.

9.    If applicable, identify in detail the specific circumstances by which the AP communicated to its members not to access or use the "End of Serenity" photograph. If the AP

Pursuant to Fed. R. Civ. Proc. 33(d), AP respectfully refers Plaintiff to the documents being produced in response to Plaintiff's Doc. Request.

11.    State which AP employee(s), representative(s), or agent(s) provided the AP with the "End of Serenity" photograph, and state in detail the circumstances upon which the AP employee(s), representative(s), or agent(s) provided the AP with the "End of Serenity" photograph.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to Interrogatory No. 11 to the extent that it attempts to characterize any events or facts at issue. Subject to and without waiver of its objections, AP responds to Interrogatory No. 11 as follows: As admitted in Plaintiff's complaint, Plaintiff "provided the AP with the 'End of Serenity' photograph" by presenting the photograph to Gene Puskar, who then created a photograph of the photograph.

12.    Identify any and all physical modifications that were made prior to the "End of Serenity" photograph being made available on the AP database and distributed to the AP members/subscribers. A complete answer to this interrogatory should include the circumstances by which The AP removed or altered the copyright notice on the "End of Serenity" photograph.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to Interrogatory No. 12 to the extent that it attempts to characterize any events or facts at issue. AP further objects to Interrogatory No. 12 because it fails to define "physical modifications," and that term is vague and ambiguous in the context of the interrogatory. Subject to and without waiver of its objections, AP responds to Interrogatory No. 12 as follows: The image of the "End of Serenity" photograph possessed by AP is a photograph of that photograph, which AP has not

modified or changed. AP did not remove or alter a copyright notice from the "End of Serenity"
photograph.

13. State the total number of news stories done by the AP since 2001 where the
primary/main focus of the news story was a photograph.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to
Interrogatory No. 13 because it is overly broad, unduly burdensome, seeks irrelevant
information, and is not reasonably calculated to lead to the discovery of admissible evidence.
The "number of news stories done by AP since 2001 where the primary/main focus of the news
story was a photograph" has no possible bearing on any issue in this case. AP also objects to this
interrogatory because it is vague and ambiguous in light of its failure to define "news story" and
"primary/main focus."

14. For each of the AP's Affirmative Defenses, state in detail the factual basis for
those affirmative defenses.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to
Interrogatory No. 14 because it is premature as discovery is ongoing with respect to AP's
Affirmative Defenses and all of the facts applicable thereto may not yet be known to AP.
Subject to and without waiver of its objections, AP responds as follows: Plaintiff presented the
photograph at issue to the AP for the express purpose of AP distributing the image in connection
with a news story about Plaintiff and the image; Plaintiff expressly or impliedly consented to the
use of the image made by AP. Plaintiff herself provided copies of the image to news
organizations including affiliates of entities who are identified in the Complaint as allegedly
having made unauthorized use of the image. Any use of the image made by the AP was a

transformative use for the purposes of reporting news and as such amounted to a fair use within the meaning of the Copyright Act.

15.    Identify each person defendants expect to call as a witness at trial, excluding expert witnesses, and for each such person identified:

>    (a)    state the subject matter of the testimony to be provided;

>    (b)    identify all documents and persons consulted or to be consulted by each such witness in preparation for his or her testimony.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to Interrogatory No. 15 because it is premature and to the extent that it purports to expand upon AP's obligations under the Federal Rules of Civil Procedure, the Local Rules of the Western District of Pennsylvania, and any rules or order of this Court. AP further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine. AP reserves the right to supplement its response to Interrogatory No. 15.

16.    Assuming liability, what is the amount of damages adequate to compensate Plaintiff for infringement of the "End of Serenity" copyright; and describe in detail the basis for the answer to this interrogatory.

**RESPONSE:** In addition to the General Objections set forth above, AP objects to Interrogatory No. 16 to the extent that it purports to characterize any facts or issues in this case. AP also objects to Interrogatory No. 16 to the extent that it calls for a legal conclusion. AP further objects to this Interrogatory to the extent that it seeks information possessed and known by Plaintiff. Subject to and without waiver of its objections AP responds as follows: AP did not infringe Plaintiff's copyright and thus is not liable to Plaintiff. AP is not aware of any legally compensable damage suffered by Plaintiff.

- 10 -