IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-145J |
| v. ) | |
| ) | |
| THE ASSOCIATED PRESS, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION OF THE ASSOCIATED PRESS
TO MODIFY THE CASE MANAGEMENT ORDER**

The Associated Press (hereinafter "AP") hereby moves to modify the Case Management Order entered on January 27, 2006, to postpone the deadlines for the parties to file Plaintiff's Pretrial Narrative Statement, Defendant's Pretrial Narrative Statement, and the Joint Statement Regarding Magistrate Judge.[1]

Each of the parties advanced the case and proceeded diligently through discovery, which closed on March 15, 2006. On May 15, 2006, AP filed a Motion for Summary Judgment, seeking dismissal of each of Plaintiff's claims.

The existing Case Management Order includes the following deadlines:

| | |
|---|---|
| Plaintiff's Pretrial Narrative Statement | June 2, 2006 |
| Defendant's Pretrial Narrative Statement | June 26, 2006 |
| Joint Statement Regarding Magistrate Judge | July 12, 2006 |

---

[1] Under the original Case Management Order, fact discovery was scheduled to close on December 2, 2005. On December 5, 2005, the Court entered a stipulated order extending discovery approximately two months. On January 27, 2006, the Court entered a second stipulated order extending discovery approximately six weeks.

Dockets.Justia.com

Under the present schedule, Plaintiff's Pretrial Narrative Statement is due to be filed during the period in which she also will be preparing her opposition to AP's Motion, which must be filed on or before June 14, 2006.

When Plaintiff asked AP to consent to extend the deadline for pretrial statements for four weeks, AP did not object. Instead, it proposed postponing each of the remaining deadlines until the Court ruled on the pending summary judgment motion. Plaintiff declined this proposal and has now moved for a four-week extension.

Although AP does not object to providing Plaintiff with additional time, it believes that the more prudent, and efficient, approach is to postpone the remaining deadlines until after the Court rules on its summary judgment motion. If the Court grants AP's motion, which contains well-established grounds for dismissing each of Plaintiff's claims as a matter of law, judgment will be entered in favor of AP, and there will be no need for pretrial statements or a statement concerning a magistrate judge. On the other hand, if the Court denies AP's motion, in whole or in part, that ruling will crystallize which issues would remain for trial, thereby determining the necessary focus of the parties' pretrial statements. By waiting for the Court's ruling, the parties could conserve their resources and, if the Court denies the motion for summary judgment, concentrate their efforts most meaningfully. Plaintiff will not be prejudiced in any way by postponing the deadlines because no pretrial conference or trial dates have been set.

AP therefore respectfully requests that the Court modify the Case Management Order to postpone the dates for the filing of Plaintiff's Pretrial Narrative Statement, Defendant's Pretrial Narrative Statement, and the Joint Statement Regarding Magistrate Judge. If the Court denies AP's motion for summary judgment, in whole or in part, AP requests that the Court require that

the parties file their statements within the following number of days after the Court enters its order ruling on the Motion:

| | |
|---|---|
| Plaintiff's Pretrial Narrative Statement | 30 Days |
| Defendant's Pretrial Narrative Statement | 54 Days |
| Joint Statement Regarding Magistrate Judge | 70 Days. |

Accordingly, AP respectfully requests that the Court grant its Motion to Modify the Case Management Order.

Dated: New York, New York         Respectfully submitted,
May 30, 2006

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.


By:   /s/ Robert Penchina
      Robert Penchina (Admitted Pro Hac Vice)
      230 Park Avenue, Suite 1160
      New York, NY 10169
      (212) 850-6100
      (212) 850-6299 (Fax)

      Gayle C. Sproul, I.D. No. 38833
      Michael Berry (Admitted Pro Hac Vice)
      2112 Walnut Street, Third Floor
      Philadelphia, Pennsylvania 19103
      (215) 988-9778
      (215) 988-9750 (Fax)

      *Attorneys for The Associated Press*

## SCHEDULING MOTION CERTIFICATE

Pursuant to Rule 16.1.2(E) of the Local Civil Rules of Court for the United States District Court for the Western District of Pennsylvania, I hereby certify that all parties, through their respective counsel, have conferred with regard to the modified schedule presented in the Motion of The Associated Press to Modify the Case Management Order, and Plaintiff does not consent to the proposed modification, instead preferring the extension of time outlined in her May 30, 2006 Motion for Extension of Time to File Pretrial Statements.

/s/ Robert Penchina
Robert Penchina
Admitted Pro Hac Vice
*Attorney for The Associated Press*

## CERTIFICATE OF SERVICE

I, Gayle C. Sproul, certify that on May 30, 2006, I caused a true and correct copy of the foregoing Motion of The Associated Press to Modify the Case Management Order to be served through the Court's ECF System to the following counsel of record:

      Douglas M. Hall
      Kara L. Szpondowski
      Niro, Scavone, Haller & Niro
      181 West Madison, Suite 4600
      Chicago, Illinois 60602-4515

      John E. Hall
      Eckert Seamans Cherin & Mellott, LLC
      USX Tower
      600 Grant Street, 44th Floor
      Pittsburgh, Pennsylvania 15219

                                                            /s/ Gayle C. Sproul
                                                             Gayle C. Sproul