## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | ) | |
| VALENCIA M. MCCLATCHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-145J |
| v. | ) | |
| | ) | |
| THE ASSOCIATED PRESS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION IN LIMINE
## TO EXCLUDE CERTAIN DOCUMENTS AND TESTIMONY REGARDING AOL

Defendant The Associated Press ("AP") respectfully submits this memorandum of law in

support of its motion *in limine* to exclude documents and testimony relating to a particular

publication of Plaintiff's photograph made by AOL. Irrespective of any rights AP may have had

to reproduce Plaintiff's photograph, AOL itself had an independent right to make fair use of that

photograph. Accordingly, these documents and testimony do not relate in any way to claims

made against AP and could unfairly confuse and prejudice the jury if presented at trial. AP

respectfully requests that the Court enter an order excluding documents relating to the

publication of Plaintiff's photograph made by AOL from introduction in evidence and

prohibiting Plaintiff and her counsel from referring to the documents or seeking to elicit

testimony concerning them at trial.

## I.    INTRODUCTION

Plaintiff seeks to hold AP contributorily and vicariously liable for the publication of a

thumbnail reproduction of Plaintiff's photograph made by AOL. On August 8, 2003, AOL News

reported the headline "New Theory On Flight 93" and included the subheading "As Revolt

Began, Data Shows Hijacker Crashed on Purpose." These headlines were depicted on the AOL "Welcome" screen, along with a reduced-size thumbnail copy of Plaintiff's photograph. (A copy of AOL's use of Plaintiff's photograph is attached as Exhibit D to the Complaint and is attached hereto as Appendix A.) This use of Plaintiff's photograph by AOL constituted a noninfringing fair use. Because there can be no contributory or vicarious infringement without a direct infringement, Plaintiff's claims against AP cannot be based on AOL's use of the photograph. Thus, documents depicting and testimony concerning AOL's use have no relevance to the claims or defenses in this matter and are unduly prejudicial.

## II.    ARGUMENT

The Copyright Act expressly provides that, notwithstanding other provisions of the statute, "the fair use of a copyrighted work . . . for purposes such as criticism, comment, [or] news reporting, teaching . . ., scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. In addition, the statute specifies four factors that must be taken into account to determine whether a particular use is fair: (i) the purpose of the use; (ii) the nature of the copyrighted work; (iii) the amount and substantiality of the portion used; and (iv) the effect of the use on the market for the original. *Id.* AOL's thumbnail reproduction qualifies as a fair use. Not only was AOL reporting on and commenting about a "newsworthy event," Mem. Op. & Order at 5, *McClatchey v. Associated Press*, No. 3:05-cv-145 (W.D. Pa. Mar. 9, 2007), each of the four statutory factors weigh heavily in favor of fair use.

Under the first factor, "[t]he enquiry here may be guided by the examples given in the preamble to § 107, looking to whether the use is for criticism, or comment, or news reporting, and the like." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578-79 (1994). AOL's use was in connection with news reporting—specifically, the emerging new theories relating to the crash—and commentary concerning a tragic event of great historical significance. Moreover,

2

AOL's thumbnail reproduction serves a different function than Plaintiff's original image, as its reduced size and resolution render it unsuitable for use in connection with hard copy prints or electronic display. *See, e.g., Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 818 (9th Cir. 2003) ("[T]he thumbnails were much smaller, lower-resolution images that served an entirely different function than Kelly's original images. . . . [U]sers are unlikely to enlarge the thumbnails and use them for artistic purposes because the thumbnails are of much lower-resolution than the originals; any enlargement results in a significant loss of clarity of the image, making them inappropriate as display material.").

The second factor requires examination of two issues: whether the original work was published, and whether it is informational in nature. Works that previously have been published are more susceptible to fair use than unpublished works. *Kelly*, 336 F.3d at 820; *see, e.g.*, *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, 2004 WL 2583817, at *11 (E.D. Pa. Nov. 12, 2004 ). Here, Plaintiff's photograph had been widely published.

In addition to assessing whether a work was published, the second factor in the fair use analysis also takes into account "'that creative works are 'closer to the core of intended copyright protection' than informational and functional works.'" *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 803 (9th Cir. 2003) (citations omitted). While courts have recognized that photographs can be sufficiently creative to weigh against fair use when, for example, a professional photographer exerts "efforts to create an aesthetically attractive, technically competent photograph," *Strauss v. The Hearst Corp.*, 8 U.S.P.Q.2d 1832, 1836 (S.D.N.Y. 1988), here, Plaintiff concedes that she just grabbed her camera, ran onto her porch and "I didn't even aim. I was just like, 'Oh, my God.'" Caitlin Cleary, *Conspiracy Theorists Blog that Flight 93*

*Photo is Fake*, PITTSBURGH POST-GAZETTE, Aug. 6, 2006, *available at* http://www.post-gazette.com/pg/06218/711239-85.stm.

"The third factor in the fair use analysis asks whether 'the amount and substantiality of the portion used in relation to the copyrighted work as a whole' are reasonable in relation to the purpose of copying." *Mattel Inc.*, 353 F.3d at 803 (citation omitted). Here, AOL made a much reduced-in-size copy, no more than was necessary than to convey the substance of AOL's report.

The fourth factor in the fair use analysis concerns the effect of the challenged use upon the market for or value of the copyrighted work. 17 U.S.C. § 107(4). Here, there simply is no evidence whatsoever of any harm to the market for Plaintiff's photograph caused by AOL's publication of a thumbnail copy of her photograph.

The balance of the four fair use factors tips decidedly in favor of a fair use. Irrespective of whatever rights anyone else may or may not have possessed to use Plaintiff's photograph, the use made by AOL is a noninfringing fair use.

Because AOL's use is a fair use and not an infringement, AP cannot be found to be contributorily or vicariously liable for infringement based on AOL's publication.[1] Accordingly, documents or testimony relating to AOL's publication have no relevance to this matter. Moreover, even if such documents or testimony were somehow relevant, their probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

---

[1] Even if AOL's publication of the photograph was not a fair use, Plaintiff is not entitled to an additional statutory damages award for AOL's alleged infringement because a prevailing party is entitled to one statutory award for each work that is infringed, regardless of the number of alleged infringements, as is explained in the Memorandum of Law supporting AP's Motion in Limine to Limit Plaintiff to One Statutory Damage Award under the Copyright Act.

## CONCLUSION

For the foregoing reasons, AP respectfully requests that the Court grant this motion *in limine* and exclude documents relating to AOL's publication of a thumbnail copy of Plaintiff's photograph from admission into evidence, and prohibit Plaintiff and her counsel from referring to these documents or seeking to elicit testimony concerning that publication by AOL at trial.

Dated: May 4, 2007

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By:  */s/ Robert Penchina*

Robert Penchina (*Pro Hac Vice*)
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

Gayle C. Sproul (I.D. No. 38833)
Michael Berry, I.D. No. 86351 (*Pro Hac Vice*)
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778
(215) 988-9750 (Fax)

*Attorneys for The Associated Press*