**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|   |   |
|---|---|
| VALENCIA M. MCCLATCHEY, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-145J |
| THE ASSOCIATED PRESS, ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION IN LIMINE TO LIMIT PLAINTIFF TO ONE
STATUTORY DAMAGE AWARD UNDER THE COPYRIGHT ACT**

Defendant The Associated Press ("AP") respectfully submits this memorandum of law in support of its motion *in limine* to limit Plaintiff to one statutory damage award if she is able to prove AP is liable under any of her three copyright infringement claims. Although Plaintiff seeks to collect three statutory awards – one for AP's alleged direct infringement and two for AP's alleged secondary infringements – her effort is barred by the well-established rule that a plaintiff is "limited to one award of statutory damages for each work proved to be infringed." *Daley v. Firetree, Ltd.*, 2006 WL 148879, at *7 (M.D. Pa. Jan. 19, 2006). Indeed, this Court already has rejected Plaintiff's damages theory, concluding that she "is entitled to recover only a single award" because "the 'End of Serenity' photograph is the only work involved." Mem. Op. & Order at 10, *McClatchey v. Associated Press*, No. 3:05-cv-145 (W.D. Pa. Mar. 9, 2007) (hereinafter cited as "Mem. Op.").

## I.  INTRODUCTION

Plaintiff Valencia McClatchey seeks to hold AP liable for (i) direct copyright infringement for distributing a copy of her "End of Serenity" photograph and (ii) contributory

and vicarious copyright infringement based on The Washington Post and AOL's publication of the photograph.[1]  *See* Compl. ¶¶ 22-46.  Ms. McClatchey did not suffer any material actual damages from these three alleged infringements.  She has admitted that she generally charged publishers a few hundred dollars to use her photograph, *see, e.g.*, Pl. Admis. 24, and, as the Court already has recognized, "there is not a huge market for the photograph."  Mem. Op. at 6.  Ms. McClatchey thus has elected to seek statutory damages at trial.  *See* Pl.'s Pretrial Stmt. at 6-7.

In her pretrial statement, Ms. McClatchey states that she is seeking a total of $450,000 in statutory damages for AP's alleged infringements – that is, the maximum statutory award of $150,000 for three infringements.  *See id.* at 6 ("McClatchey seeks statutory damages pursuant to 17 U.S.C. § 504(c)(2) in the amount of $150,000 for the willful infringement by AP); *id.* at 7 ("The AP is liable for these separate acts of infringement by the AOL and the Washington Post . . . for a total of $300,000.").  The law, however, limits Ms. McClatchey to a single statutory award, if she is entitled to any award at all.

## II.   ARGUMENT

The Copyright Act provides that "a copyright owner may elect" to seek "*an award* of statutory damages *for all infringements* involved in the action, *with respect to any one work*, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally."  17 U.S.C. § 504(c)(1) (emphasis added).  Courts have long-recognized that "'the total number of awards of statutory damages that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable

---

[1] AP is simultaneously filing separate motions *in limine* seeking to limit Plaintiff's ability to introduce evidence concerning both of these alleged secondary infringements.  *See* Motion in Limine to Exclude Certain Documents and Testimony Regarding AOL (AOL's publication of the photograph was a protected fair use); Motion in Limine to Exclude Certain Documents and Testimony Regarding Alleged Third-Party Infringements (there is no evidence The Washington Post published AP's copy of the photograph, and Plaintiff granted The Washington Post an unlimited non-exclusive license to reproduce the photograph).

infringers, regardless of the number of infringements of those works.'" *WB Music Corp. v. RTV Commc'n Group*, 445 F.3d 538, 540 (2d Cir. 2006) (citation omitted); *accord Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 192-93 (1st Cir. 2004) (same); *see also Tips Exports, Inc. v. Music Mahal, Inc.*, 2007 WL 952036, at *6 (E.D.N.Y. Mar. 27, 2007) ("In calculating statutory damages, the focus is on the number of works infringed, not the number of copies or the number of acts of infringement."). Moreover, the Act's legislative history makes plain that "[a] single infringer of a single work is liable for a single amount . . . *no matter how many acts of infringement are involved* in the action and *regardless of whether the acts were separate, isolated or occurred in a related series*." H.R. REP. NO. 94-1476, at 162 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5778 (emphasis added); *see also Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990) ("Both the text of the Copyright Act and its legislative history make clear that statutory damages are to be calculated according to the number of works infringed, not the number of infringements."). As the United States Court of Appeals for the Second Circuit neatly summarized the applicable law just last year, "§ 504(c)(1) disassociates the award of statutory damages from the number of infringements by stating that 'an award' (singular tense) of statutory damages is available for 'all infringements involved in the action' regarding any one work." *WB Music*, 445 F.3d at 540.

In this case, Ms. McClatchey seeks to hold AP liable for three "separate acts of infringement," Pl.'s Pretrial Stmt. at 7:

1. AP's distribution of the photograph to its subscribers, *see id.* at 6;

2. AP's distribution of the photograph to The Washington Post, which then published the photograph, *see id.* at 7; and

3. AP's distribution of the photograph to AOL, which then published the photograph, *see id.*

Although Ms. McClatchey points to these multiple "acts of infringement," this action involves only a single work, the "End of Serenity" photograph. Accordingly, consistent with the plain meaning of the Copyright Act and well-established precedent, even if Ms. McClatchey is able to prove all three of her copyright claims, she is entitled to only one statutory award. *See Daley*, 2006 WL 148879, at *7 ( "the statutory language permits but one award of statutory damages for each work proved to be infringed"). It simply makes no difference "'how many acts of infringement are involved.'" *Derek Andrew, Inc. v. Poof Apparel Corp.*, 2006 WL 3791371, at *11 (W.D. Wash. Dec. 22, 2006) (rejecting plaintiff's argument that it was entitled to "the equivalent of the $150,000 maximum for 22 separate instances of infringement") (citation omitted); *accord, e.g.*, *Tips Exports*, 2007 WL 952036, at *8 (rejecting plaintiff's damages theory "because it appears to reflect not simply the number of works infringed, but takes into account the number of different ways in which a work was infringed").

    Likewise, it makes no difference how many publishers ultimately infringed Ms. McClatchey's copyright by publishing the copy of the photograph AP distributed. The Act itself provides that a prevailing plaintiff is entitled to a single "award . . . *for all infringements involved in the action, with respect to any one work*, . . . for which any *two or more infringers are liable jointly and severally*." § 504(c)(1) (emphasis added); *see also Robles Aponte v. Seventh Day Adventist Church*, 443 F. Supp. 2d 228, 232 (D.P.R. 2006) (awarding one statutory damage award where a number of defendants infringed plaintiff's copyright because "[o]nce defendants are deemed to have acted jointly and severally plaintiff's recovery is limited to a single statutory damages award regardless of the number of defendants who took part in the infringement"); *United States Media Corp. v. Edde Entm't Corp.*, 1998 WL 401532, at *23

4

(S.D.N.Y. July 17, 1998) (awarding single statutory award against distributors and retailers who infringed the copyright of a single movie).

A case involving the distribution and sale of the Baltimore Ravens team logo, *Bouchat v. Champion Products, Inc.*, 327 F. Supp. 2d 537 (D. Md. 2003), is instructive.  In that case, a fan submitted a drawing to the team, and that drawing became the team's logo.  *See id.* at 539-40. The team and the National Football League (NFL), believing that their own artists developed the logo, licensed the logo to "hundreds of manufacturers, distributors, sponsors, etc." *Id.*  The plaintiff sued the team, the NFL, and approximately 350 "downstream" companies that had sold Ravens merchandise with the logo.  *See id.* at 540-41.

The *Bouchat* plaintiff elected to pursue statutory damages, and, like Ms. McClatchey, he argued that he was "entitled to a separate statutory damages award with respect to each Downstream Defendant." *Id.* at 547.  The court squarely rejected the plaintiff's theory, ruling that that he was "not entitled to the windfall that he seeks." *Id.*  Applying the well-established rule governing statutory damages, the court first explained that "there is only one 'infringed work' at issue" – the logo.  *Id.* at 552.  Because each of the "Downstream Defendants" had licensed the logo from the NFL, the court explained, "each infringement was a joint infringement" with the NFL, and each "Downstream Defendant" was "jointly and severally liable with the same primary infringer, . . . for all infringements of the work at issue." *Id.* at 553. Accordingly, the plaintiff only was "entitled to a single statutory damage award." *Id.*

This case directly parallels the facts presented in *Bouchat*.  Like the plaintiff in that case, Ms. McClatchey alleges that AP infringed her copyright by distributing a copy of her photograph to its subscribers, two of whom allegedly infringed her copyright by publishing copies of her photograph they received from AP.  To the extent any AP "downstream" subscribers infringed

Ms. McClatchey's copyright, they are jointly and severally liable with the same purported primary infringer, AP.  Therefore, like the *Bouchat* plaintiff, even if Ms. McClatchey is able to prove multiple "acts of infringement," only one work is at issue, and she is entitled to only a single statutory award against AP.  Simply put, a copyright owner may collect a single award for "all infringements involved in the action, with respect to any one work," § 504(c)(1), and, at most, Ms. McClatchey "is entitled to recover only a single award." Mem. Op. at 10.

## CONCLUSION

For the foregoing reasons, AP respectfully requests that the Court limit Plaintiff to one statutory award if she prevails on her copyright infringement claims, regardless of the number of alleged infringements or the number of theories of liability she proves at trial.

Dated: May 4, 2007

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By:   */s/ Robert Penchina*

Robert Penchina (*Pro Hac Vice*)
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

Gayle C. Sproul (I.D. No. 38833)
Michael Berry, I.D. No. 86351 (*Pro Hac Vice*)
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778
(215) 988-9750 (Fax)

*Attorneys for The Associated Press*