## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-00145J |
| v. ) | The Honorable Terence F. McVerry |
| ) | |
| THE ASSOCIATED PRESS, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| _____) | |

### PLAINTIFF VALENCIA M. MCCLATCHEY'S MOTION *IN LIMINE* TO PRECLUDE ERIC N. LIEBERMAN FROM TESTIFYING AT TRIAL

Valencia M. McClatchey ("Plaintiff") moves this Court for entry of an order precluding the Associated Press' ("AP") witness, Eric N. Lieberman, from testifying at trial. The AP did not identify Mr. Lieberman in its 26(a)(1) disclosures, or in any prior response to an interrogatory. The AP never identified Mr. Lieberman as a witness who had discoverable or relevant information, let alone as a witness who would testify at trial. Discovery closed on March 15, 2006, and AP first disclosed Mr. Lieberman on April 18, 2007, in its witness list. Plaintiff has been unfairly prejudiced by the AP's violation of Rule 26, and Mr. Lieberman should be barred from testifying at trial. Plaintiff is uncertain as to what issues Mr. Lieberman will testify at trial. Such constitutes unfair surprise and is highly prejudicial to Plaintiff.

The AP cannot rely on testimony from Mr. Lieberman at trial because it did not identify him in any Rule 26(a)(1) disclosure or in any interrogatory response. *See,* Frazier v. Layne Christensen Co., 370 F. Supp. 3d 823, 828 (W.D. Wis. 2005) (affidavits of undisclosed witnesses stricken; "Defendant's obligation to disclose the identity of an individual likely to have discoverable information does not arise only when the

defendant is one hundred percent sure it will use that information in its case."). See also, Troknya, et al v. Cleveland Chiropractic Clinic, 280 F.3d 1200 (8th Cir., 2002), in which the Eighth Circuit affirmed a district court's order excluding witnesses not disclosed during discovery. The Eighth Circuit stated,

> **CCC argues that it was not required to formally disclose the witnesses in question pursuant to Fed. R. Civ. P. 26 because they were known to plaintiffs either through plaintiffs' own discovery disclosures and responses or through CCC's discovery responses.** See Brief for Appellate at 46-47 & n. 4. In support of this argument, CCC cites cases which have interpreted Rule 26(e)(1) broadly. See id. at 44-45 (citing, e.g., Coleman v. Keebler Co., 997 F. Supp. 1102 (N.D. Ind. 1998)). CCC also points out that "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected." Brief for Appellant at 43 (quoting Fed. R. Evid. 103(a)). In the present case, CCC contends, its substantial rights were affected by the district court's evidentiary ruling because the witnesses who were excluded were "critical" to CCC's defense. See id. at 46 & n. 6 (listing and describing the "critical witnesses" who were excluded).
>
> We are not persuaded that the excluded witnesses were critical to CCC's defense; it appears that their testimony would have substantially duplicated documentary evidence admitted at trial or would have been only marginally relevant to the issues in dispute. **More importantly, however, we hold that the district court reasonably could have concluded that CCC's use of the undisclosed witnesses and exhibits would have unfairly prejudiced plaintiffs at trial, even if the witnesses and exhibits had been identified or referenced somewhere in the course of discovery. We therefore hold that the district court did not abuse its discretion in excluding the evidence in question in an effort to avoid an unfair surprise and to achieve substantial justice in the present case.**

Troknya, et al, 280 F.3d at 1205 (emphasis added).

Mr. Lieberman is an employee of the Washington Post, and he wrote a letter responding to a subpoena issued by Plaintiff. If AP thought Mr. Lieberman had information relevant to its defenses in this case, it should have disclosed him during discovery so that Plaintiff could take his deposition and discover what information he

had.  And, pursuant to Rule 26(e), the AP had a duty to supplement its interrogatory responses and Rule 26(a)(1) disclosures with the names of any individuals it believed had information relevant to its defenses.  The AP failed to do so.

In sum, AP's post discovery cutoff identification of Mr. Lieberman is both prejudicial to Plaintiff and unjustified.  Plaintiff respectfully requests that this Court preclude Mr. Lieberman from testifying at trial.  A proposed order is attached hereto.

Respectfully submitted,

/s/Douglas M. Hall
Douglas M. Hall
Kara L. Szpondowski
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois  60602-4515
Phone: 312-236-0733
Fax: 312-236-3137
*Attorneys for Valencia M. McClatchey*

John E. Hall
Eckert Seamans Cherin & Mellott, LLC
USX Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone:  (412) 566-6000
Fax: (412) 566-6099

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **PLAINTIFF VALENCIA M. MCCLATCHEY'S MOTION IN LIMINE TO PRECLUDE ERIC N. LIEBERMAN FROM TESTIFYING AT TRIAL** was served upon the below listed parties on this 4th day of May 2007.

**By ECF:**      Gayle C. Sproul
　　　　　　　Levine Sullivan Koch & Schultz, LLP
　　　　　　　2112 Walnut St., 3rd Floor
　　　　　　　Philadelphia, PA 19013
　　　　　　　Phone: (215) 988-9778

**By ECF:**      Robert Penchina
　　　　　　　Levine Sullivan Koch & Schultz, LLP
　　　　　　　321 W. 44th Street
　　　　　　　Suite 510
　　　　　　　New York, NY 10036
　　　　　　　Phone: (212) 850-6100
　　　　　　　Fax: (212) 850-6299

　　　　　　　　　　　/s/Douglas M. Hall_____