IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| VALENCIA M. MCCLATCHEY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-145J |
| v. | ) ) | |
| THE ASSOCIATED PRESS, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION IN LIMINE TO
EXCLUDE CERTAIN DOCUMENTS AND TESTIMONY REGARDING IPHOTOART**

Defendant The Associated Press ("AP") respectfully submits this memorandum of law in support of its motion *in limine* to exclude documents and testimony relating to photographs offered for sale by iPhotoArt. These documents do not relate in any way to uses that were made of Plaintiff's photograph, are irrelevant to any issue in the case, and could unfairly confuse and prejudice the jury if presented at trial. AP respectfully requests that the Court enter an order excluding documents relating to iPhotoArt from introduction in evidence and prohibiting Plaintiff and her counsel from referring to the documents or seeking to elicit testimony concerning them at trial.

**I.      INTRODUCTION**

AP is a not-for-profit news cooperative that collects and distributes news and information, including newsphotos, to its members and subscribers. AP offers various services to its members and subscribers, pursuant to which news content and materials may be provided. Not all of AP's news content is made available through all of AP's various services. The primary service through which AP distributes photographs is AP's "PhotoStream" service, which

delivers hundreds of photographs to members and subscribers on a daily basis. Once a photograph is distributed via PhotoStream, the image becomes part of AP's photo archive (called "PhotoArchive"), where the photograph is accessible to members and subscribers for non-commercial uses. In addition to these services, a separate division of AP, Wide World Photos, offers some of the photographs in AP's collection to be licensed for commercial and non-commercial uses. Finally, through a third-party licensee called iPhotoArt, AP offers for sale the "Associated Press Collection," which is a collection of limited editions of selected museum quality photographic prints.

On September 12, 2002, AP distributed a news report about Plaintiff and the photograph she had taken of the aftermath of the crash of Flight 93. The report included both text and a copy of her photograph. The copy of the photograph was distributed via PhotoStream and was available for a limited time in AP's PhotoArchive. The photograph was *never* made available to or through Wide World Photos, and it was *never* available to iPhotoArt or offered for sale as part of the Associated Press Collection of limited edition photographic prints.

Plaintiff alleges that AP's reproduction and distribution of her photograph through PhotoStream and the AP PhotoArchive infringed her copyright in the photograph. Plaintiff does not claim (nor could she) that copies of her photograph were ever sold, offered, or otherwise made part of The Associated Press Collection offered to the public through iPhotoArt. Nevertheless, in her pretrial statement, Plaintiff indicates that she intends to offer into evidence 37 pages depicting photographs not belonging to Plaintiff offered for sale by iPhotoArt. (PTX 125, 126).[1] These documents have no relevance to the claims or defenses in this matter and are unduly prejudicial.

---

[1] Copies of these pages are attached hereto respectively as Appendix A and Appendix B.

## II.   ARGUMENT

Each of the photographs offered as part of the Associated Press Collection through iPhotoArt is a

> limited edition photographic print[,] . . . hand-numbered and embossed with the Associated Press or Pulitzer Prize-winner limited edition seal and comes with a hand-numbered Certificate of Authenticity.  Select limited edition photographs are signed by the photographer.  Typical edition size is 250 plus artist's proof and publisher's proof editions . . . .

(App. A, MC 305).  The prices for these museum-quality limited edition prints range from approximately $500 apiece to over $4,000.

AP never sold, and is not accused of selling or even offering for sale, hard copies of Plaintiff's photograph, either through iPhotoArt or elsewhere.  Plaintiff herself "sold hard copies of [her] photograph . . . for $20 apiece," and, as the Court previously noted, "it appears that there is not a huge market for the photograph."  Mem. Op. & Order at 2, 6, *McClatchey v. Associated Press*, No. 3:05-cv-145 (W.D. Pa. Mar. 9, 2007).  Thus, the only conceivable purpose for seeking to introduce evidence relating to iPhotoArt is to prejudice the jury by exposing them to high prices for photo sales that have nothing whatsoever to do with any sale of Plaintiff's photograph.

Plaintiff has elected to seek statutory damages.  To determine the level of statutory damages, courts are "guided by the following factors: '(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in ensuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental.'"  *Paramount Pictures Corp. v. Davis*, 2006 WL 2092581, at *6 (E.D. Pa. July 26, 2006) (citation omitted).  The prices commanded for sales of limited edition prints of photographs in a manner in which neither Plaintiff nor AP ever offered Plaintiff's photograph has no bearing on any of these factors.  AP neither saved expenses nor reaped profits relating to

3

iPhotoArt because Plaintiff's photograph was simply never made available for sale through iPhotoArt. Likewise, Plaintiff did not lose any revenues as a result of anything having to do with iPhotoArt (or anything else having to do with AP for that matter) because her photograph was never offered for sale there. Because the documents relating to iPhotoArt have no relevance to this matter, Plaintiff should be prohibited from introducing those documents and eliciting any testimony concerning them.

Moreover, even if testimony concerning iPhotoArt were somehow relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. The fact that some historic photographs other than Plaintiff's may be offered for sale as limited edition prints for up to $4,000 is not probative of any issue involving the photograph that Plaintiff sold for $20 apiece or gave away for free.

## CONCLUSION

For the foregoing reasons, AP respectfully requests that the Court grant this motion *in limine* and exclude the documents identified in Plaintiff's Pretrial Statement as PTX 125 and 126, and any other similar documents, from admission into evidence, and prohibit Plaintiff and her counsel from referring to these documents or seeking to elicit testimony concerning the documents or iPhotoArt at trial.

Dated: May 4, 2007

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: __/s/ Robert Penchina__

Robert Penchina (*Pro Hac Vice*)
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

Gayle C. Sproul (I.D. No. 38833)
Michael Berry, I.D. No. 86351 (*Pro Hac Vice*)
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778
(215) 988-9750 (Fax)

*Attorneys for The Associated Press*