**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| VALENCIA M. MCCLATCHEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-145J |
| THE ASSOCIATED PRESS, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS AND
TESTIMONY REGARDING ALLEGED THIRD-PARTY INFRINGEMENTS**

Defendant The Associated Press ("AP") respectfully submits this memorandum of law in support of its motion *in limine* to exclude documents and testimony concerning certain alleged infringing uses of Plaintiff's photograph purportedly made by third parties.

In her pretrial statement, Plaintiff contends that she "found . . . unauthorized and infringing uses of her photograph in newspapers, such as the Washington Post and Philadelphia Daily News, magazines, and in connection with several Flight 93 conspiracy web sites." Pl. Pretrial Stmt. 5. Based on these supposed uses, Plaintiff seeks multiple awards of statutory damages against AP for vicarious and contributory copyright infringement, as well as multiple awards for direct infringement. However, Plaintiff has produced *no* evidence of these supposed uses "found" by her. To the contrary, the record reflects that the uses made by the Washington Post and Philadelphia Daily News were specifically authorized by Plaintiff and that she was paid by those newspapers for those licenses. Moreover, Plaintiff has provided *no* evidence of a second use by either of those newspapers, or of any unauthorized uses by magazines, and Plaintiff has conceded that the "conspiracy web site" for which she provided evidence used an

image obtained from a government agency, not AP. Accordingly, testimony concerning these purported infringements would not properly be admissible and should be excluded.[1]

## I.    The Washington Post

On March 11, 2002, six months prior to AP's use of her photograph, Plaintiff entered into a written agreement, entitled "Agreement with Freelance Contributors," with the Washington Post pursuant to which Plaintiff granted to the Washington Post

> first-time print publication rights to the Work (if applicable), as well as the *subsequent non-exclusive right to reproduce, distribute, adapt or display the Work, without additional compensation.*[2]

Pursuant to that Agreement, the Washington Post published Plaintiff's photograph on May 12, 2002 – four months before AP's use of the photo – on the cover of the Washington Post Magazine. Although Plaintiff seeks damages from AP based on her contention that the Washington Post made a subsequent unauthorized publication of the photograph, no documents showing such subsequent publication ever have been produced in response to discovery requests.

To the contrary, a letter to Plaintiff's counsel from the Washington Post states that the Washington Post has "not discovered any other publication of the photograph in The Washington Post" beyond May 12, 2002.[3] Moreover, even if there had been a subsequent publication, it would have been permissible under the license Plaintiff granted to the Washington Post. Thus, the Washington Post informed Plaintiff's attorneys that, "[w]hile we have no evidence that the

---

[1] Even if Plaintiff had adduced evidence that any of these third parties had infringed her copyright by publishing AP's copy of the photograph, she still would be limited to recovering only one statutory award because she alleges that only one work was infringed. *See* Motion in Limine to Limit Plaintiff to One Statutory Damage Award under the Copyright Act.

[2] Attached as Appendix A is a copy of Exhibit 8 from the McClatchey Deposition, which Plaintiff confirmed is the agreement between her and the Washington Post.

[3] Attached as Appendix B is a copy of the letter, dated December 15, 2005, from Eric N. Lieberman, Esq. (Associate Counsel of The Washington Post) to Douglas M. Hall, Esq.

photo was subsequently published in the newspaper, we purchased the right to do so in accordance with the terms of the March 11, 2002 freelance agreement."

In view of Plaintiff's failure to produce any documents depicting any allegedly subsequent unauthorized use of the photograph by the Washington Post, and the fact that, even if a second use had been made, republication by the Post was non-infringing and permitted under the license granted by Plaintiff, testimony concerning any unauthorized use of Plaintiff's photograph by the Washington Post should not be permitted.

## II.     Philadelphia Daily News

On August 14, 2002, Michael Mercanti of the Philadelphia Daily News wrote to Plaintiff to request permission to publish her photograph in the Philadelphia Daily News. As her testimony confirmed, Plaintiff "provided the [Philadelphia] Daily News with a copy of the photo" (McClatchey Tr. 80), and she "had given them permission" to use it. (*Id*. 79). On September 16, 2002 the photograph was published in the Philadelphia Daily News, and the credit "VAL MCCLATCHEY/For the Daily News" appeared under the photo. On September 25, 2002, Philadelphia Newspapers, Inc., the parent company for the Philadelphia Daily News, issued a check to Plaintiff in payment for her "9/11 Photo."[4]

Although Plaintiff contends that she found unauthorized uses made of her photograph by the Philadelphia Daily News for which she argues the AP should be contributorily and vicariously liable, Plaintiff has produced no documents or other evidence that a second use ever was made by the Philadelphia Daily News. Thus, there is no evidence of any infringement by the Philadelphia Daily News, let alone any infringement by it that somehow was caused or contributed to by AP.

---

[4] Attached as Appendix C are copies of an email exchange, dated August 13 and 14, 2002, between Michael Mercanti and Plaintiff; a page from the September 16, 2002 Philadelphia Daily News; and a record of payment from Philadelphia Newspapers, Inc. to Plaintiff.

### III. Magazines

Plaintiff argues that she found infringing uses of her photograph in "magazines." However, Plaintiff has not identified any such magazines nor provided evidence of any magazine use not authorized by her. Moreover, Plaintiff has not demonstrated any connection between AP and any magazine that allegedly published an infringing copy.

### IV. "Conspiracy Web Sites"

Plaintiff testified that "[t]here is a conspiracy theorist named Killtown" (McClatchey Tr. 72), who used her photograph "without [her] permission on the What Really Happened to Flight 93 [web site]." (*Id*. 93). However, Plaintiff has produced no evidence whatsoever linking Killtown or this web site in any way to AP.

Rather, Plaintiff admits that Killtown obtained its copy of her photograph from the web site of a government agency, the Federal Emergency Management Agency ("FEMA"). Thus, Plaintiff herself sent an email to FEMA on January 7, 2005, which stated:

> Dear FEMA,
>
> My name is Valencia McClatchey, owner of copyright photo "End of Serenity". It has been used without permission and *was downloaded from your site*.
>
> The website is under Killtown, geocities. Remem[b]ering 9/11 is where it was obtained. I would greatly appreciate your efforts to remove the photo from you're a[r]chives to prevent any further infringements of my copyright.[5]

There is absolutely no connection between Killtown's use of Plaintiff's photograph and the AP. Plaintiff has produced no evidence to the contrary. Any testimony concerning the acts of Killtown or other "conspiracy web sites" should be excluded.

---

[5] Attached as Appendix D is a copy of Plaintiff's January 7, 2005 email to FEMA. Also included are copies of email correspondence dated January 28, 2005, between "stooge" (the email name used by Plaintiff) and persons associated with the "Killtown" web site.

4

## CONCLUSION

Plaintiff seeks to hold AP vicariously and contributorily liable for acts of infringement allegedly done by third parties, and seeks multiple awards of statutory damages based on the conduct of third parties, specifically including "the Washington Post and Philadelphia Daily News, magazines, and . . . Flight 93 conspiracy web sites."  Pl. Pretrial Stmt. 5.  Because there is no evidence of infringement by the Washington Post, Philadelphia Daily News or magazines, and no evidence that AP provided the photograph to conspiracy web sites, testimony about infringements by these publications allegedly "found" by Plaintiff would serve to confuse the case, mislead the jury and waste time.  Testimony concerning uses expressly permitted by Plaintiff, such as the uses made by the Washington Post and Philadelphia Daily News, has no relevance to claims against AP.  Similarly, testimony concerning uses made by a web site that is a total stranger to AP and to whom AP did not provide the photograph has no relevance to this matter.  Such testimony would, however, prejudice AP were the jury to connect any of the supposedly "wrongful" acts of third parties to AP.

For the foregoing reasons, AP respectfully requests that the Court grant this motion *in limine* and exclude testimony concerning alleged infringements by the Washington Post, Philadelphia Daily News, magazines and conspiracy web sites.

Dated: May 4, 2007                         Respectfully submitted,

                                                  LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.


                                                  By:  */s/ Robert Penchina*

Robert Penchina (*Pro Hac Vice*)
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

Gayle C. Sproul (I.D. No. 38833)
Michael Berry, I.D. No. 86351 (*Pro Hac Vice*)
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778
(215) 988-9750 (Fax)

*Attorneys for The Associated Press*