IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| VALENCIA M. MCCLATCHEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-145J |
| THE ASSOCIATED PRESS, | ) | |
| Defendant. | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO
PRECLUDE ERIC N. LIEBERMAN FROM TESTIFYING AT TRIAL**

Defendant The Associated Press ("AP") respectfully submits this memorandum of law in opposition to Plaintiff Valencia M. McClatchey's motion *in limine* to preclude Eric N. Lieberman from testifying at trial. Ms. McClatchey's motion is based on a single premise – that AP did not include Mr. Lieberman, who serves as The Washington Post's Associate Counsel, in its initial disclosures or interrogatories. Even if AP were required to include Mr. Lieberman's name on its disclosures (it was not), the failure to do so was harmless, as Ms. McClatchey's counsel has long known Mr. Lieberman's identity and the substance of his testimony. Indeed, Mr. Lieberman himself wrote a letter to Plaintiff's counsel in response to a subpoena served by Plaintiff. Under Third Circuit precedent, Mr. Lieberman's testimony should be allowed, if necessary, to rebut Plaintiff's wholly unsubstantiated allegation that The Washington Post infringed her copyright.

**INTRODUCTION**

Ms. McClatchey claims that AP should be held liable for contributory and vicarious copyright infringement. In her complaint, she alleges that The Washington Post obtained a copy

of her "End of Serenity" photograph from AP, *see* Compl. ¶ 31, although her initial disclosures did not identify any alleged infringement by The Washington Post in her calculation of damages. During the course of discovery, Ms. McClatchey produced two documents depicting the cover of the May 12, 2002 edition of The Washington Post Magazine, which included a copy of her photograph, as well as a contract dated March 11, 2002, in which she licensed the photograph to The Washington Post and granted it the "non-exclusive right to reproduce, distribute, adapt or display the Work, for any purpose and in any manner or medium worldwide during the copyright term of the Work, without additional compensation."[1]  Ms. McClatchey did not produce any other Washington Post publications containing a copy of her photograph.

In November 2005, Ms. McClatchey's counsel served a subpoena on The Washington Post seeking "all documents pertaining to [the newspaper's] use of the McClatchey photograph, including, but not limited to, date of use." *See* Schedule A of The Washington Post Subpoena at 3 (attached hereto as Appendix B).  The following month, the Associate Counsel of The Washington Post, Eric N. Lieberman, wrote a letter to Plaintiff's counsel enclosing responsive records. *See* Letter from Eric N. Lieberman to Douglas M. Hall (Dec. 15, 2005) (attached hereto as Appendix C).  In the letter, Mr. Lieberman wrote that Ms. McClatchey's "photo was published on the cover of The Washington Post Magazine on May 12, 2002," after Ms. McClatchey had signed a contract dated March 11, 2002 permitting the use. *Id.*  Mr. Lieberman's letter to Plaintiff's counsel continued by explaining that:

> We have not discovered any other publication of the photograph in The Washington Post.  The photograph in question was downloaded from the AP wire into our internal photo archive on September 13, 2002.  While we have no evidence that the photo was subsequently published in the newspaper, we purchased the right to do so in accordance with the terms of the March 11, 2002 freelance agreement.

---

[1] Copies of these documents are attached hereto as Appendix A.

2

*Id.* After receiving the newspaper's documents and Mr. Lieberman's letter, Ms. McClatchey chose not to subpoena either Mr. Lieberman or anyone else from The Washington Post for a deposition.

In her pretrial statement, Ms. McClatchey announced her intention of seeking $150,000 in damages against AP because The Washington Post allegedly "published the photograph without McClatchey's consent." Pl.'s Pretrial Stmt. at 7. Ms. McClatchey seeks these damages even though she (i) failed to disclose The Washington Post in her initial disclosures concerning the computation of her alleged damages, (ii) adduced evidence of only one publication by The Washington Post (to which she admittedly consented), and (iii) expressly licensed The Washington Post to use the photograph throughout the duration of her copyright. In light of Ms. McClatchey's newly announced intention, AP identified Mr. Lieberman as a witness it "may call if the need arises." AP's Pretrial Stmt. at 21. Now, Ms. McClatchey moves to preclude Mr. Lieberman's testimony. As is demonstrated below, her motion should be denied.

## ARGUMENT

Plaintiff's sole basis for moving to preclude Mr. Lieberman's testimony is that "AP did not identify him in any Rule 26(a)(1) disclosure or in any interrogatory response." Pl.'s Mot. in Limine at 1. Plaintiff contends that AP "should have disclosed him during discovery so that Plaintiff could take his deposition and discover what information he had." *Id.* at 2-3. Plaintiff's motion ignores the discovery in this case, disregards the Rules of Civil Procedure, and runs counter to the law in this Circuit. As courts in the Third Circuit have long recognized, "[e]xclusion of evidence is an extreme sanction," and that sanction is not justified in this case. *Peake v. Patterson*, 2007 WL 517892, at *1-2 (M.D. Pa. Feb. 12, 2007) (denying motion *in*

3

*limine* to exclude testimony of witnesses where the "sole argument for the exclusion . . . is that Plaintiff did not identify them in discovery").

  1.  *AP will only call Mr. Lieberman as a witness "if the need arises."*  Last week, AP filed a motion *in limine* to exclude any testimony alleging that The Washington Post infringed Ms. McClatchey's copyright.  *See* Memo. in Support of Motion *in Limine* to Exclude Certain Documents and Testimony Regarding Alleged Third-Party Infringements at 2-3 [Dkt. #55].  Even if Ms. McClatchey had produced evidence that The Washington Post republished her photograph (she has not), her agreement with the newspaper allows it to "reproduce" the photograph throughout the term of Ms. McClatchey's copyright.  The Washington Post therefore cannot infringe Ms. McClatchey's copyright as a matter of law.  Nevertheless, if the Court denies AP's motion and permits Ms. McClatchey to present evidence that The Washington Post infringed her copyright, AP should be permitted to rebut that evidence through Mr. Lieberman's testimony.

  2.  *Excluding Mr. Lieberman's testimony is not consistent with the Federal Rules of Civil Procedure.*  AP was not obligated to supplement its initial disclosures to include Mr. Lieberman's name because the information had been "made known to [Ms. McClatchey] during the discovery process." FED. R. CIV. P. 26(e)(1).  In fact, Mr. Lieberman wrote Plaintiff's counsel a letter in response to a subpoena served by Plaintiff.  Indeed, Mr. Lieberman became known to AP only through the third-party discovery conducted by Plaintiff.

  Even if AP were required to supplement its disclosures to identify Mr. Lieberman as a potential witness, its failure to do so does not justify excluding his testimony.  Rule 37, which governs sanctions for a party's failure to disclose a witness as part of its initial disclosures, expressly provides that exclusion is inappropriate if the failure to disclose was "harmless." FED.

4

R. C<small>IV</small>. P. 37(c)(1).  Here, AP's purported failure to disclose Mr. Lieberman's identity was harmless because Ms. McClatchey has known his identity and the substance of his testimony since December 2005.  *See id.* 1993 Advisory Comm. Note (stating that the "harmless violation" provision was "needed to avoid unduly harsh penalties in a variety of situations: *e.g.*, the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties").  Moreover, AP became aware of the need for Mr. Lieberman's testimony only after Ms. McClatchey announced in her pretrial statement that she intends to seek damages based on an alleged infringement by The Washington Post, notwithstanding that she has adduced no evidence that The Post ever published her photograph again and in the face of a contract unambiguously permitting the newspaper to reprint the photograph throughout the term of her copyright.[2]  Indeed, Ms. McClatchey's motion appears designed to allow her to present a wholly unsupported theory of liability to the jury, while preventing AP from introducing evidence that could conclusively disprove her claim.  Plaintiff's effort to collect a windfall damages award is contradicted by the undisputed record and contravenes a fundamental principle underlying the Federal Rules – "to secure the just . . . determination of every action."  F<small>ED</small>. R. C<small>IV</small>. P. 1.

---

[2] In her opposition to AP's summary judgment motion, Ms. McClatchey claimed – without any supporting evidence – that The Washington Post infringed her copyright.  *See* Pl.'s Resp. to Mot. for Summ. J. at 7, 20 [Dkt. #26].  In reply, AP quoted Mr. Lieberman's letter to Ms. McClatchey's counsel and included a copy as an exhibit.  *See* AP Reply at 2-3 [Dkt. #35]; Penchina Supp. Decl. Ex. A [Dkt. #32].  In light of the uncontested record on summary judgment, AP could not have known that Ms. McClatchey intended to seek damages for a publication for which there is no evidence until she made her intent clear in her pretrial statement.  Given AP's reply to Ms. McClatchey's unfounded assertion concerning The Washington Post's supposed infringement on summary judgment, she could hardly have been surprised to learn that AP intended to rely on the same evidence now that she seeks damages based on the same unsubstantiated theory.

5

3.      *Excluding Mr. Lieberman's testimony runs counter to Third Circuit precedent.*

The Court of Appeals has instructed that trial courts should consider five factors in determining whether to exclude testimony based on a failure to disclose a witness:

- "the importance of the excluded testimony,"
- "the prejudice or surprise in fact of the party against whom the excluded witnesses would [testify],"
- "the ability of that party to cure the prejudice,"
- the potential for "disrupt[ing] the orderly and efficient trial of the case," and
- "bad faith or wilfulness [*sic*] in failing to" disclose the witness.

*Quinn v. Consol. Freightways Corp. of Del.*, 283 F.3d 572, 577 (3d Cir. 2002).  Here, each of these factors favors allowing Mr. Lieberman to testify.

Mr. Lieberman's testimony is important because he presumably will state that The Washington Post never republished the photograph, as Ms. McClatchey now baldly claims, and that even if it did republish the photograph it had the right to do so in light of the contract Ms. McClatchey signed.  Ms. McClatchey will not be prejudiced by this testimony.  Contrary to her motion's claim, Ms. McClatchey's attorney has known since December 2005 "what information he had."  Pl.'s Mot. in Limine at 2-3.  Indeed, Ms. McClatchey chose to subpoena The Washington Post in the first place, and, after Mr. Lieberman wrote counsel a letter outlining The Post's position concerning Ms. McClatchey's allegations of infringement, Ms. McClatchey chose not to seek Mr. Lieberman's deposition (or the deposition of any other designee of the newspaper).[3]  In addition, allowing Mr. Lieberman's testimony would not disrupt the trial.  Finally, and most significantly, Ms. McClatchey has not suggested that AP failed to disclose Mr.

---

[3] To ensure that Ms. McClatchey is not prejudiced, AP is willing to limit Mr. Lieberman's testimony to the scope of Ms. McClatchey's subpoena to The Washington Post and the topics discussed in Mr. Lieberman's letter to Plaintiff's counsel.

6

Lieberman in bad faith, nor could she.  AP had no reason to disclose Mr. Lieberman as a potential witness because The Washington Post never published AP's version of Ms. McClatchey's photograph, and Ms. McClatchey herself did not identify The Washington Post as an element of her damages until she filed her pretrial statement.

In similar circumstances, courts in the Third Circuit permit testimony to be presented. *See, e.g.*, *Quinn*, 283 F.3d at 577 (reversing trial court's exclusion of testimony that was "clearly probative, highly relevant, and it had the potential to provide strong support for plaintiff's case" where defendant's counsel "knew of [witness's] testimony for months" and it was "clear that counsel . . . was not surprised" by the substance of the testimony); *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995) (concluding that evidence should not be excluded where there was "no reason to believe that [defendant] acted in bad faith; and the court found that [plaintiff] knew the names of its witnesses and the scope of their relevant knowledge well before trial"); *Peake*, 2007 WL 517892, at *2 (denying motion to exclude testimony where defendants did not (i) "demonstrate[] the existence of prejudice," (ii) "explain[] the effect that the failure to disclose would have on trial," or (iii) "suggest[] bad faith on the part of Plaintiff").  The result should be no different here.

4.      *Ms. McClatchey's position is not supported by the Eighth Circuit and Wisconsin cases she cites.*  Ms. McClatchey's motion does not cite a single case applying Third Circuit law.  Instead, it cites two cases from other jurisdictions, neither of which has any precedential or persuasive authority.  First, the motion cites *Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200 (8th Cir. 2002) (cited in Pl.'s Mot. at 2).  In that case, the court affirmed the exclusion of evidence, in part, because the evidence was not "critical" to the defense and the excluded testimony "would have substantially duplicated documentary evidence admitted at trial or would

7

have been only marginally relevant." *Id.* at 1205.  In contrast, in this case, Mr. Lieberman's testimony is materially relevant, does not duplicate any other evidence in the record, and is critical to rebutting Ms. McClatchey's unsupported allegation that The Washington Post infringed her copyright.

The Eighth Circuit's *Troknya* decision also made clear that a trial court may permit the testimony of a witness who was not identified in a party's initial disclosures "where there was no evidence of bad faith." *Id.* at 1205 n.4 (citing *Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993)).  Indeed, in a subsequent decision, the Eighth Circuit explicitly held that "[t]he 'use of an undisclosed witness should seldom be barred unless bad faith is involved.'" *Bergfeld v. Unimin Corp.*, 319 F.3d 350, 355 (8th Cir. 2003) (permitting affidavit where there was no "sneak attack" because party "had adequate notice during discovery that [witness] was a person likely to have discoverable information") (citation omitted).  As is explained above, there simply is no contention that AP did not include Mr. Lieberman in its Rule 26 disclosures in bad faith.

In the only other case cited in Ms. McClatchey's motion, *Frazier v. Layne Christensen Co.*, 370 F. Supp. 2d 823, 827-28 (W.D. Wis. 2005) (cited in Pl.'s Mot. at 1), a court in the Western District of Wisconsin struck sixteen affidavits submitted in support of a motion for summary judgment because the defendant had failed to disclose the affiants' identities in its initial disclosures.  The witnesses in *Frazier* performed work for the defendant, and the defendant did not disclose them because it "did not believe it would use the testimony of the sixteen individuals at the time it made its Rule 26(a) disclosures," even though it knew they had relevant information.  *Id.* at 827.  The defendant further argued that it had fulfilled its disclosure obligations by "producing documents that contained the names and positions of seven of the sixteen affiants"; however, the court rejected that argument because the defendants in the case

8

had "produced more than nine thousand pages of documents in discovery." *Id.* at 828.  Unlike the defendant in *Frazier*, AP did not hide the identity of its own witnesses or bury Mr. Lieberman's identity in a mass of documents.  (AP produced a total of 545 pages of documents.)  Mr. Lieberman is a third-party witness who is not affiliated with AP in any way.  His identity and the contents of his testimony were explicitly spelled out in a letter from Mr. Lieberman to Plaintiff's counsel in response to a subpoena Ms. McClatchey served on Mr. Lieberman's employer.  *Frazier* simply has no bearing on this case, and Plaintiff has not offered any meaningful reason to exclude Mr. Lieberman's testimony.

## CONCLUSION

For the foregoing reasons, AP respectfully requests that the Court deny Plaintiff's motion *in limine* to preclude Mr. Lieberman from testifying at trial.

Dated: May 4, 2007

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: __/s/ Robert Penchina__

Robert Penchina (*Pro Hac Vice*)
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

Gayle C. Sproul (I.D. No. 38833)
Michael Berry, I.D. No. 86351 (*Pro Hac Vice*)
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778
(215) 988-9750 (Fax)

*Attorneys for The Associated Press*

9

## CERTIFICATE OF SERVICE

     I, Michael Berry, hereby certify that on this 11th day of May, 2007, I caused to be served a true and correct copy of the foregoing Opposition to Plaintiff's Motion *in Limine* to Preclude Eric N. Lieberman from Testifying at Trial via the Court's ECF system, upon the following counsel of record:

          Paul K. Vickrey
          Douglas M. Hall
          Kara L. Szpondowski
          Niro, Scavone, Haller & Niro
          181 West Madison, Suite 4600
          Chicago, Illinois 60602-4515

          John E. Hall
          Eckert Seamans Cherin & Mellott, LLC
          USX Tower
          600 Grant Street, 44th Floor
          Pittsburgh, Pennsylvania 15219

                                  */s/ Michael Berry*
                                  Michael Berry