# APPENDIX B

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### For The District of Columbia

| | |
|---|---|
| Valencia M. McClatchey<br>Plaintiff,<br>v.<br>The Associated Press<br>Defendant. | **SUBPOENA IN CIVIL CASE**<br>1/<br>CASE NUMBER: 05-145J<br>In the U S District Court Western District of Pennsylvania |

TO:  The Washington Post Co
1150 15th St., N.W., 8th Fl
Washington, DC 20071-0002

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attached Schedule A**

| PLACE* The Washington Post Co.<br>1150 15th St., N.W., 8th Fl.<br>Washington, DC 20071-0002<br><br>* or by Federal Express to Niro, Scavone, Haller and Niro<br>181 W. Madison, Suite 4600<br>Chicago, IL 60602 | DATE AND TIME<br><br>10:00 a.m.<br>Friday, December 2, 2005 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* (Attorney for Plaintiff) | DATE<br>November 18, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Douglas M. Hall
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison/Suite 4600
Chicago, Illinois 60602
(312) 236-0733

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
1/ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE                          SIGNATURE OF SERVER

                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

A.  "You" shall mean The Washington Post Company ("Washington Post"), and any and all partners, shareholders, associates and attorneys designated as "of counsel" to Washington Post.

### INSTRUCTIONS

A.  Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

B.  In producing Documents, furnish all Documents known or available to You regardless of whether such Documents are possessed directly by You, or by any parent, subsidiary or affiliated corporation, or by any of Your officers, directors, employees, agents, representatives, or attorneys, as well as any other Documents in Your custody or control.

C.  File folders with tabs or labels identifying Documents called for by this Request must be produced intact with such Documents.

D.  The selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

E.  Documents attached to each other must not be separated.

F.  Should You seek to withhold any Document based on some limitation of discovery (including but not limited to a claim of privilege), You must supply a list of the Documents for which limitation of discovery is claimed, indicating:

1. The identity of each Document's author(s), writer(s), sender(s), or initiator(s);

2. The identity of each Document's recipient(s), addressee(s), or party(ies) for whom it was intended;

3. The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

4. The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

5. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

G. Where a time period is not specified, the request calls for the production of all responsive Documents, irrespective of the time such Documents were created or received.

H. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all Documents that might otherwise be construed to be outside the scope.

I. The use of the singular form of any word includes the plural, and vice versa.

J. The use of the masculine form of any noun or pronoun shall embrace and be read and applied as embracing the feminine and the neuter, except where circumstances clearly make such a reading inappropriate.

6. "The McClatchey Photograph" shall include all photographs attached in Exhibit 1.

2

## DOCUMENT REQUESTS

1. Any and all documents reflecting receipt of, download, or access to the McClatchey photograph from the Associated Press, including, but not limited to, documents pertaining to the amount, if any, paid to the Associated Press for the use of the McClatchey photograph, the form or forms the McClatchey photograph took (i.e. hard copy, electronic copy, other), the date of receipt from the Associated Press, and the presence or absence of a Copyright Notice on the McClatchey photograph received, downloaded, or accessed from the Associated Press.

2. Any and all documents pertaining to Your use of the McClatchey photograph, including, but not limited to, date of use, form of use (i.e. hard copy or electronic), extent of use (i.e. number of copies circulated for hard copy use, number of website hits or views for electronic use) and whether or not following this use, You retained a copy or copies of the McClatchey photograph.

3. Any and all communications between Washington Post and the Associated Press regarding Washington Post's use of the McClatchey photograph.

4. Any and all communications between Washington Post and the Associated Press regarding the lawsuit Valencia M. McClatchey v. The Associated Press, No. 05-145J, Western District of Pennsylvania (a copy of the Complaint is also attached as Exhibit 2).

3