## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VALENCIA M. MCCLATCHEY,    )
    )
    Plaintiff,    )
    )    Civil Action No. 05-145J
    v.    )
    )
THE ASSOCIATED PRESS,    )    **JURY TRIAL DEMANDED**
    )
    Defendant.    )
_____)

### MS. MCCLATCHEY'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO LIMIT MS. MCCLATCHEY TO ONE STATUTORY DAMAGE AWARD UNDER THE COPYRIGHT ACT

Plaintiff Valencia M. McClatchey ("Ms. McClatchey" or "Plaintiff") hereby responds to Associated Press's ("AP") motion *in limine* to limit her to one statutory damage award under the Copyright Act, and requests that this Court deny AP's motion *in limine*. Controlling legal authority sets forth that the total number of awards of statutory damages under 17 U.S.C. § 504(c) that a plaintiff may recover in any given action against a single defendant "depends on the number of works that are infringed *and the number of individually liable infringers* and is unaffected by the number of infringements of those works."

## I.    INTRODUCTION

At trial, Ms. McClatchey seeks to prove the following:

(1)    that AP is a direct infringer of her copyrighted photograph, "End of Serenity";

(2)    that AP is a contributory infringer with respect to its subscribers including at least AOL, The Progress, and  Newsday, who received the photograph through AP's distribution, and subsequently published the photograph as an AP Photo; and

1

Dockets.Justia.com

(3)     that AP is a vicarious infringer with respect to its subscribers including at least AOL, The Progress, and Newsday, who received the photograph through AP's distribution, and subsequently published the photograph as an AP Photo.

Moreover, Ms. McClatchey believes numerous other uses of her copyrighted photograph have occurred. However, because AP alleges they do not keep records of such uses, and accordingly, Defendant has not produced documents concerning such uses. Worse yet, such use continues to this day, (Exhibit A, Newsday), because AP has failed to inform the 1,147 subscribers who received the photograph that Defendant does not have permission to distribute the photograph.

McClatchey understands that pursuant to 17 U.S.C. § 504(c), she is only entitled to recover statutory damages for one of the above infringing actions by Defendant, i.e. direct, contributory, or vicarious, not for all three. Furthermore, the number of works is not in dispute. The parties agree that there is one work at issue here, Ms. McClatchey's End of Serenity photograph. The issue instead is whether a finding of contributory or vicarious liability can invoke more than one *set* of statutory damages awards, where the party found to be a contributory or vicarious infringer is jointly and severally liable with multiple parties, who are not jointly and severally liable with each other. Put another way, and as the following diagram illustrates (J&SL = "Joint and Several Liability"), can Defendant be liable for direct infringement as well as joint and severally liable for contributory and/or vicarious infringement with AOL, The Progress, and Newsday, who are not joint and severally liable with each other?



We believe this to be an issue of first impression in the Western District of Pennsylvania.

## II.    ARGUMENT

### A.    17 U.S.C. § 504(c) Provides for Separate Sets of Statutory Damages

AP argues that Ms. McClatchey is "limited to one award of statutory damages for each work proved to be infringed." However, the prevailing rule under 17 U.S.C. § 504(c) is that the total number of "awards" of statutory damages that a plaintiff may recover in any given action against a single defendant "depends on the number of works that are infringed ***and the number of individually liable infringers*** and is unaffected by the number of infringements of those works." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 194 (1st Cir. 2004) (emphasis added). The Fifth Circuit laid out this calculation: "[I]f a plaintiff proves that *two* different defendants each committed *five* separate infringements of *five* different works, the plaintiff is entitled to ten awards, not fifty." Mason v. Montgomery Data, Inc. 967 F.2d 135, 144 (5th Cir. 1992). Such a calculation applies to the present case.

Ms. McClatchey does not argue that pursuant to § 504(c) she should be given a statutory damages award for each distribution or act of infringement, or that she should receive duplicate

damages awards. Rather, McClatchey argues simply that § 504(c) does not prevent separate *sets* of statutory damages, depending on the number of individually liable infringers. As explained in Nimmer on Copyright, § 14.04[E](2) (Bender 1993), and quoted favorably by the Eastern District of Pennsylvania in Universal City Studios Inc. v. Ahmed:

> Suppose, for example, a single complaint alleges infringements of the public performance right in a motion picture against A, B, and C, each of whom owns and operates his own motion picture theater, and each of whom, without authority, publicly performed the plaintiff's motion picture. If A, B, and C have no relationship with one another, there is no joint or several liability as between them, so that each is liable for at least a minimum of $250 statutory damage award. ***Suppose, further, that D without authority distributed the motion picture to A, B, and C. Although A, B, and C are not jointly or severally liable each with the other, D will be jointly and severally liable with each of the others. There will, therefore, be three sets of statutory damages which may be awarded , as to each of which D will be jointly and severally liable with each of the others…***However, D's participation will not create a fourth set of statutory damages.

Universal City Studios Inc. v. Ahmed, 1993 U.S. Dist. LEXIS 14951, *11, Civ. No. 93-3266 (E.D. Pa. 1993) (emphasis added). The situation Nimmer describes is exactly the situation here, and is laid out in the diagram in Section I. supra.

Associated Press (D) without authority distributed McClatchey's photograph to numerous subscribers (e.g. A (AOL), B (The Progress), and C (Newsday)), at least some of whom displayed, published, or otherwise used the photograph, thus infringing Plaintiff's copyright. The subscribers have no relationship to each other, so they are not jointly or severally liable to each other. However, Associated Press is jointly and severally liable with each of the subscribers to whom it distributed the photograph. See also Columbia Pictures Indus. v. Krypton Broad. Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001); Mason v. Montgomery Data, Inc. 967 F.2d 135, 144 (5th Cir. 1992) ("And if a plaintiff proves that *two* different defendants each committed *five* separate infringements of *five* different works, the plaintiff is entitled to ten

awards, not fifty"); <u>Venegas-Hernandez</u>, 370 F.3d at 194 (holding that the total number of awards of statutory damages depends of the number of works infringed and the number of individually liable infringers); <u>MCA Television Ltd.</u> v. <u>Feltner</u>, 89 F.3d 766, 770 (11th Cir. 1996) (citing the <u>Mason</u> damage formula in a television broadcasting case). Thus, under this rule, AP is jointly and severally liable with each AP subscriber who McClatchey can prove published, displayed, or used the photograph (i.e. made infringing use of the photograph) after receiving it from AP.

Importantly, McClatchey is not required to name as defendants all (or any) of AP's subscribers in order to collect such damages from AP:

> Under the principle of joint and several liability, which governs not only the common law tort of misappropriation of trade secrets but also the federal statutory tort of copyright infringement, the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor. The defendant may have a right to contribution (i.e., to a sharing of the pain) from the other tortfeasors, but the victim is not required to sue more than one of his oppressors. A rule automatically deeming joint tortfeasors indispensable parties to suits against each of them would be inconsistent with this common law principle and is therefore rejected.

> The principle and its application to indispensability are practical. To require the victim of a joint tort to sue all the joint tortfeasors would have the perverse effect of making it more difficult for plaintiffs to obtain relief the greater the number of their tormentors by increasing the plaintiffs' litigation expense and also, as in this case, by curtailing their choice of forum. This consideration argues for a presumption against deeming unjoined joint tortfeasors indispensable parties.

<u>Salton, Inc.</u> v. <u>Philips Domestic Appliances & Pers. Care B.V.</u>, 391 F.3d 871, 877 (7th Cir. 2004) (internal citations omitted).

### B.     The AP's Cases are Inapposite to This Case

The cases cited by AP deal either with a court's determination of the number of works infringed, which is not at issue here, or are factually distinguishable from the facts of this case. <u>E.g.</u> <u>WB Music Corp.</u> v. <u>RTV Commc'n Group</u>, 445 F.3d 538, 541 (2nd Cir. 2006) (determining

number of infringed works); <u>Walt Disney Co.</u> v. <u>Powell</u>, 897 F.2d 565, 570 (D.C. Cir. 1990) (same); <u>Tips Exports, Inc.</u> v. <u>Music Mahal, Inc.</u>, 2007 WL 952036, at *6 (E.D.N.Y. March 27, 2007) (same); <u>Daley</u> v. <u>Firetree, Ltd.</u>, 2006 U.S. Dist. LEXIS 4061, at *19-20 (M.D. Pa. January 19, 2006) (same); <u>Derek Andrew, Inc.</u> v. <u>Poof Apparel Corp.</u>, 2006 U.S. Dist. LEXIS 92710, at *33 (W.D. Wash. December 22, 2006) (same).  Another case cited by the AP, <u>United States Media Corp.</u> v. <u>Edde</u>, 1998 U.S. Dist. LEXIS 10985 (S.D.N.Y. 1998) is also factually distinct. In that case, a request for multiple statutory damage awards was never made by the plaintiff, nor addressed by the Court.  That is not the case here.

Additionally, defendants are treated differently with respect to statutory damages determinations when they are jointly and severally liable, versus when they are separate and unrelated.  For example, <u>Robles Aponte</u> v. <u>Seventh Day Adventist Church</u>, 443 F. Supp. 2d 228, 232 (D.P.R. 2006) is factually distinguishable from the facts of this case because in that case all defendants were jointly and severally liable with each other, and had all worked together to have the allegedly infringing article published and distributed.  That is not the case here, where only AP is jointly and severally liable with its subscribers.  Defendants subscribers are not jointly and severally liable with each other.  Conversely, in <u>Tips</u>, another of AP's cited cases, the court awarded separate statutory damages awards for each of the defendants, where the defendants were separate and unrelated, and not jointly and severally liable.  <u>Tips</u>, 2007 WL 952036, at *8 (E.D.N.Y. March 27, 2007).

AP bases the majority of its argument on <u>Bouchat</u> v. <u>Champion Products</u>, 327 F. Supp. 2d 537, 552 (D. Md. 2003), but the <u>Bouchat</u> court discussed the possibility of distinguishing the situation in <u>Bouchat</u> from <u>Nimmer</u>'s example.  Critically, the <u>Bouchat</u> court never reached the ultimate question of the amount of a statutory damages award, as Bouchat was barred from such

a recovery.  Id.  Instead, only in dicta, did the Bouchat court discuss the scenario as the situation,

were it truly one to be decided, was a case of first impression for that district.  Id.  ("Therefore, it

is not necessary to address the amount of any statutory damage award that Bouchat could seek if

he were not barred from doing so.  Nevertheless, *because this issue appears to be one of first*

*impression* and because it could potentially be addressed on appeal, the Court will discuss the

matter.") (emphasis added).  Further, the Court in Bouchat stated that it may be possible to

distinguish the situation in Bouchat from Nimmer's example.  Id. at 553.  McClatchey believes

that it can be so distinguished.

Specifically, in Bouchat, the downstream defendants had a license to use a copyrighted

logo (the infringed work).  The defendants made use of that logo by putting it on various pieces

of merchandise and then selling that merchandise.  In Bouchat, the NFL did not give the

downstream defendants one copy of the logo and the downstream defendants used that one copy

of the logo in one place.  Instead, the NFL gave the downstream defendants a license to use the

logo on any variety of merchandise, which they did.  In contrast, here, AP had one specific

photograph, Ms. McClatchey's copyrighted photograph, which it distributed to its subscribers –

exactly like the Nimmer example (one movie distributed to three theatres).  And while the

District of Maryland was not persuaded, Nimmer's analysis has been cited with approval in the

Eastern District of Pennsylvania.  See Universal City Studios Inc. v. Ahmed, 1993 U.S. Dist.

LEXIS 14951, *11, Civ. No. 93-3266 (E.D. Pa. 1993).  It is this analysis which controls here.

Likewise, the decision in Mason follows the same reasoning exemplified by the Nimmer

formula: "And if a plaintiff proves that *two* different defendants each committed *five* separate

infringements of *five* different works, the plaintiff is entitled to ten awards, not fifty."  967 F.2d

at 144; see also Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 194 (1st Cir. 2004)

("The prevailing reading in the circuits is the one that we join: under § 504(c) the total number of "awards" of statutory damages that a plaintiff may recover in any given action against a single defendant depends on the number of works that are infringed *and the number of individually liable infringers*...") (emphasis added); <u>MCA Television Ltd.</u> v. <u>Feltner</u>, 89 F.3d 766, 770 (11th Cir. 1996).

In short, of the cases cited by Defendants, <u>Bouchat</u> is the only one which rejected <u>Nimmer</u>'s analysis (albeit making clear that the <u>Nimmer</u> example may be distinguishable from that in the <u>Bouchat</u> case), and only in dicta.  Instead, the analysis of the <u>Mason</u> court is comparable to of <u>Nimmer</u>, and has been cited with approval by at least the Eastern District of Pennsylvania, the First Circuit, the Fifth Circuit, and the Eleventh Circuit.   The <u>Bouchat</u> dicta analysis, which is what AP's argument is based on, has never been cited favorably by any Court.

## III.    CONCLUSION

In conclusion, Ms. McClatchey respectfully requests the Court to deny the Defendant's motion *in limine*, and allow Ms. McClatchey to collect one *set* of statutory damages from AP for *each* of the AP's subscribers that Plaintiff can prove used the photograph in an infringing manner after receiving it from AP.

Respectfully submitted,

/s/Douglas M. Hall_____
Paul K. Vickrey
Douglas M. Hall
Kara L. Szpondowski
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois  60602-4515
Phone: 312-236-0733
Fax: 312-236-3137
*Attorneys for Valencia M. McClatchey*

John E. Hall
Eckert Seamans Cherin & Mellott, LLC
USX Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone:  (412) 566-6000
Fax: (412) 566-6099

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **MS. MCCLATCHEY'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO LIMIT MS. MCCLATCHEY TO ONE  STATUTORY DAMAGE AWARD UNDER THE COPYRIGHT ACT** was served upon the below listed parties on this 11th day of May 2007.

**By ECF:**                Gayle C. Sproul
                          Levine Sullivan Koch & Schultz, LLP
                          2112 Walnut St., 3rd Floor
                          Philadelphia, PA 19013
                          Phone:  (215) 988-9778


**By ECF:**                Robert Penchina
                          Levine Sullivan Koch & Schultz, LLP
                          230 Park Avenue
                          Suite 1160
                          New York, NY 10169
                          Phone:  (212) 850-6100
                          Fax:  (212) 850-6299


                          /s/Douglas M. Hall_____