IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE ASSOCIATED PRESS, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-145J<br><br><br>**JURY TRIAL DEMANDED** |

### MS. MCCLATCHEY'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS AND TESTIMONY REGARDING ALLEGED THIRD PARTY INFRINGEMENTS

Plaintiff Valencia M. McClatchey ("Ms. McClatchey" or "Plaintiff") hereby responds to Associated Press's ("AP") motion *in limine* to exclude certain documents and testimony regarding alleged third-party infringements. AP argues that any documents or testimony regarding alleged third party infringements would serve to confuse the case, mislead the jury and waste time. In essence, AP is arguing that the evidence Ms. McClatchey intends to submit to support her claims that AP is contributorily and vicariously liable is not sufficient. That is a question for the jury to decide, and goes to weight of the evidence, not the admissibility. Therefore, Ms. McClatchey requests that this Court deny AP's motion *in limine*.

### I.   INTRODUCTION

After AP's mass distribution of Ms. McClatchey's "End of Serenity" photograph, at least some of AP's subscribers published the photograph. To this day, any of the recipients could re-publish the photograph at any time. AOL, for example, published the photograph nearly one year after the AP's widespread distribution. AP has already filed a motion for summary judgment that Ms. McClatchey can not prove direct infringement by these parties, and sought

1

dismissal of Ms. McClatchey's claims that AP is contributorily and vicariously liable for the infringement of its subscribers. That motion was denied by this Court.

## II. ARGUMENT

### A. Contributory and Vicarious Infringement Require a Showing of Direct Infringement

Ms. McClatchey seeks to submit evidence that various of AP's subscribers, including AOL, The Progress, and Newsday directly infringed her photograph after receiving the photograph through the AP's mass distribution. (Exhibits A, B, and C). Each of these has been produced to the AP during discovery. Due to and based on this use, Ms. McClatchey alleges that AP is contributorily liable and vicariously liable for copyright infringement. Both liability for contributory copyright infringement and liability for vicarious copyright infringement require direct infringement by a primary party. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 125 S. Ct. 2764, 2776 (2005); Metro-Goldwyn-Mayer Studios v. Grokster Ltd., 380 F.3d 1154, 1164 (9th Cir. 2004). Thus, Ms. McClatchey must prove that direct infringement. Without testimony and documents showing that direct infringement, Ms. McClatchey will not be able to prove her case. AP now seeks an order that such evidence be excluded, despite its relevance to Ms. McClatchey's claims. The weight of that evidence is for the jury to decide, not for the AP to decide.

### B. At This Time, McClatchey Does Not Seek To Submit Evidence of Third Party Infringement by The Washington Post or the Philadelphia Daily News, or in Magazines

Although Ms. McClatchey believes and has been informed of additional infringing uses of her photograph by The Washington Post, the Philadelphia Daily News, and in various magazines, she has been unable to find direct evidence of such infringing uses to date, due to the vast timeframe that the photograph was available to subscribers of AP. This is especially

relevant because AP has taken <u>no</u> action to inform the 1,147 organizations to which it distributed the photograph that they do not have the right to use the photograph. Thus, the "End of Serenity" photograph still to this day resides in electronic form with false copyright information on the computers of the 1,147 news organizations. James Gerberich, director of operations and content for AP, testified:

> Q.   When The Associated Press deleted the McClatchey photograph from its system it took no action, at that time, to ensure that the McClatchey photograph was also deleted from its members' or subscribers' systems; is that correct?
>
> A.   That's correct.

(Exhibit D, Gerberich Dep., at p. 24). In other words, the "End of Serenity" photograph is still out there with false copyright information and it continues to diminish any potential future market that McClatchey may want to enter, including the sale of museum quality limited edition prints such as the ones for sale by AP. As such, any of AP's 1,147 subscribers could have published the photograph since it was distributed on September 11, 2002. Further, Newsday, one of AP's subscribers, still has Ms. McClatchey's photograph available on its web site. (Exhibit C).

Therefore, Ms. McClatchey agrees not to submit evidence of infringement by The Washington Post, the Philadelphia Daily News, or in magazines, unless and until she is able to find concrete proof of such infringement, as investigations are ongoing. Ms. McClatchey does intend to submit evidence of direct infringement by AOL, The Progress, and Newsday.

### C.   Conspiracy Web Sites

Ms. McClatchey does not intend to submit evidence that "Killtown" obtained her photograph via AP, and does not intend to submit testimony or documents concerning the acts of Killtown or other "conspiracy web sites."

### III.  CONCLUSION

In conclusion, Ms. McClatchey agrees not to submit testimony or documents concerning the acts of Killtown or other "conspiracy web sites." Furthermore, at this time, McClatchey does not seek to submit evidence of third party infringement by The Washington Post, the Philadelphia Daily News, or other unidentified "magazines." However, Ms. McClatchey does seek to submit evidence and testimony pertaining to the third party infringement of AOL, The Progress, and Newsday, as they are relevant to Ms. McClatchey's claims of contributory and vicarious infringement against AP. To that end, Ms. McClatchey requests that this Court deny the AP's motion *in limine*.

Respectfully submitted,

/s/Douglas M. Hall
Paul K. Vickrey
Douglas M. Hall
Kara L. Szpondowski
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois  60602-4515
Phone: 312-236-0733
Fax: 312-236-3137
*Attorneys for Valencia M. McClatchey*

John E. Hall
Eckert Seamans Cherin & Mellott, LLC
USX Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone:  (412) 566-6000
Fax: (412) 566-6099

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing **MS. MCCLATCHEY'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS AND TESTIMONY REGARDING THIRD PARTIES** was served upon the below listed parties on this 11th day of May 2007.

**By ECF:**        Gayle C. Sproul
              Levine Sullivan Koch & Schultz, LLP
              2112 Walnut St., 3rd Floor
              Philadelphia, PA 19013
              Phone: (215) 988-9778


**By ECF:**        Robert Penchina
              Levine Sullivan Koch & Schultz, LLP
              230 Park Avenue
              Suite 1160
              New York, NY 10169
              Phone: (212) 850-6100
              Fax: (212) 850-6299


                    /s/Douglas M. Hall_____