IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY,                )<br>                                                       )<br>        Plaintiff,                             )<br>                                                       )          Civil Action No. 05-00145J<br>        v.                                          )          The Honorable Terence F. McVerry<br>                                                       )<br>THE ASSOCIATED PRESS,             )          **JURY TRIAL DEMANDED**<br>                                                       )<br>        Defendant.                          )<br>_____)| |

## MS. MCCLATCHEY'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS AND TESTIMONY REGARDING IPHOTOART

Ms. McClatchey seeks to use at trial several historical photographs that are offered for sale by Defendant to assist in the determination of the statutory damage amount Ms. McClatchey is seeking. Ms. McClatchey's copyrighted "End of Serenity" photograph is a historical, one-of-a-kind, photograph that was compared to the Iwo Jima photograph by Defendant's own photo editor, Gene Puskar. The Iwo Jima photograph is offered for sale on Defendant's website for $3,950. (See Exhibit A, PTX 126). A photograph of the Twin Towers in New York on 9/11/01, of which there are literally thousands of different photographs, is offered for sale by Defendant for $1,020. (See Exhibit B, PTX 125 at MC 00380). These historical photographs, which Defendant itself sells, are important barometers of the potential value of the "End of Serenity" photograph now and in the future. This evidence is relevant in assisting the jury in determining a damage award within the permissible statutory damage range.

**I.        Argument**

Ms. McClatchey is seeking statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c)(3)(B). 17 U.S.C. § 504(c) permits statutory damages in the

range of $750 to $30,000, with an option to increase the damage number to $150,000 for willful infringement.  17 U.S.C. § 1203(c)(3)(B) permits award of statutory damages *for each violation* of section 1202 in the sum of not less than $2,500 or more than $25,000.  Thus, an important issue at trial will be where within the permissible statutory damage range the damages should fall.  The Iphotoart historical photographs offered for sale by Defendant are relevant to this determination.

In considering how much to award under § 504(c), the district court may consider various factors such as (1) the expenses saved and the profits reaped by the infringers, (2) revenues lost by Ms. McClatchey, (3) the value of the copyright, (4) the deterrent effect on others besides the Defendant (5) whether the Defendant's conduct was innocent or willful, (6) whether a Defendant has cooperated in providing particular records from which to assess the value of the infringing material produced, and (7) the potential for discouraging the Defendant.  Video Café v. De Tal, 961 F.Supp. 23, 26 (D. P.R. 1997), *citing*, Fitzgerald Pub. Co., Inc. v. Baylor [**6]  Pub. Co., Inc., 807 F.2d 1110, 1117 (2nd Cir. 1986). "The Court would also note that statutory damages awards under § 504(c) serve both compensatory and punitive purposes." Id.

The Iphotoart historical photographs offered for sale by Defendant are relevant to show a measure of the value of the copyright for the "End of Serenity" photograph.  This point is driven home by Gene Puskar, Defendant's photo editor, who compared the "End of Serenity" photograph to the Iwo Jima photograph, Reagan being shot, and Pearl Harbor.  Mr. Puskar testified:

> Q. Let's break it down.  Compositionally what is your professional opinion of the McClatchey photograph?

> A. I think it's -- We have a saying in journalism, "F-11 and be there," which implies what this picture means. This is a mediocre picture at best compositionally, technically and every other way. What it is is a moment. "F-11 and be there," she was there at a moment in time. Just like Joe Rosenthal at Iwo Jima, and my friend Ron Edmonds when Reagan was shot. Just like I was on the sidelines when the Steelers won the Super Bowl, it was F-11 and be there. So this picture is a picture of a moment in time that is like -- it's like Pearl Harbor. It's the day that changed our world and the way we look at it, the way we check on airplanes and the way we look on playgrounds at strangers walking through when our kids are playing. It was a dawn of a new paranoia in our world. So for that it's a picture, a picture of that moment. It's technically not great, it's compositionally pretty boring, but it's a moment.

(Exhibit C, Puskar Dep., at pp.58-59). Therefore, it is relevant to the determination of the value of the "End of Serenity" copyright what value Defendant itself places on similar historical photographs, including Iwo Jima, Reagan, and the Twin Towers photographs.

Simply because Defendant does not like this evidence does not mean that it is not relevant or highly prejudicial. Defendant is free to argue at trial the Iphotoart photographs should be given no weight in determining the value of the copyright and the level of statutory damages. Ms. McClatchey disagrees and feels it should be able to provide such evidence, especially where Defendant itself has drawn comparisons of Ms. McClatchey's photograph to photographs which Defendant itself sells.

Additionally, this issue is especially relevant because Defendant has taken <u>no</u> action to inform the 1,147 organizations to which it distributed the photograph that they do not have the right to use the photograph. Thus, the "End of Serenity" photograph still to this day resides in electronic form with false copyright information on the computers of the 1,147 news organizations, any of which could publish the photo at any time. James Gerberich, director of operations and content for Defendant, testified:

3

> Q. When The Associated Press deleted the McClatchey photograph from its system it took no action, at that time, to ensure that the McClatchey photograph was also deleted from its members' or subscribers' systems; is that correct?
>
> A. That's correct.

(Exhibit D, Gerberich Dep., at p. 26). In other words, the "End of Serenity" photograph is still out there with false copyright information and it continues to diminish any potential future market that Ms. McClatchey may want to enter, including the sale of museum quality limited edition prints such as the ones for sale by Defendant.

## II. Conclusion

Ms. McClatchey asks this Court to deny Defendant's motion in limine to exclude certain documents and testimony regarding Iphotoart.

Respectfully submitted,

/s/Douglas M. Hall
Douglas M. Hall
Paul K. Vickrey
Kara L. Szpondowski
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois  60602-4515
Phone: 312-236-0733
Fax: 312-236-3137
*Attorneys for Valencia M. McClatchey*

John E. Hall
Eckert Seamans Cherin & Mellott, LLC
USX Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone:  (412) 566-6000
Fax: (412) 566-6099

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **MS. MCCLATCHEY'S RESPONSE TO AP'S MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS AND TESTIMONY REGARDING IPHOTOART** was served upon the below listed parties on this 11th day of May 2007.

**By ECF:**       Gayle C. Sproul
                  Levine Sullivan Koch & Schultz, LLP
                  2112 Walnut St., 3rd Floor
                  Philadelphia, PA 19013
                  Phone: (215) 988-9778

**By ECF:**       Robert Penchina
                  Levine Sullivan Koch & Schultz, LLP
                  230 Park Avenue
                  Suite 1160
                  New York, NY 10169
                  Phone: (212) 850-6100
                  Fax: (212) 850-6299

                                    /s/Douglas M. Hall_____