IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-145J |
| THE ASSOCIATED PRESS, | ) |
| Defendant. | ) |

**REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO LIMIT PLAINTIFF
TO TWO AWARDS UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT**

Plaintiff's opposition does not offer a single legal basis to support her view that she is entitled to recover 1,147 awards. Rather, the authority she cites proves her view is wrong.

1.  *The DMCA's text establishes Plaintiff is not entitled to collect a separate award for each "act."* In arguing that "17 U.S.C. § 1203(c)(3)(B) authorizes statutory damages for *each* act of distribution," Opp. at 3, Plaintiff asks the Court to disregard the difference between that subsection and the text of § 1203(c)(3)(A). Although "both include language apportioning damages for 'each violation,'" *id.* at 5, a plaintiff prevailing on a § 1201 claim can recover a separate award "per act," while the subsection addressing § 1202 does not include this critical language. Plaintiff offers no explanation for the two provisions' "slightly different . . . words." *Id.* Congress's use of different words cannot be ignored: "when Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002) (internal quotes and citations omitted). If Congress intended to award a § 1202 plaintiff separate awards "per act," "it would have

employed the same explicit language used in other provisions of the same statute." *Alaka v. Attorney General*, 456 F.3d 88, 97-98 (3d Cir. 2006).

2. *Plaintiff's continued reliance on the Sony Computer decision is misplaced. See* Opp. at 4-5. As Plaintiff's brief explains, "[t]he *Sony* court held: 'The Court concludes that § 1203(c)(3)(A) authorizes a *separate award* of statutory damages for *each device* sold.'" *Id.* (quoting *Sony Computer Entmt. Am., Inc. v. Filipiak*, 406 F. Supp. 2d 1068, 1074 (N.D. Cal. 2005)) (emphasis added). *Sony Computer* did not address § 1203(c)(3)(B) and is thus irrelevant.[1]

3. *The DirecTV cases prove Plaintiff's damages theory is wrong.* Plaintiff relies heavily on "[t]he *DirecTV* case cited by the *Sony* court" because that case addresses a statute, 47 U.S.C. § 605, that "includes the same relevant language as 17 U.S.C. § 1203(c)(3)(B), i.e., an award of damages for each violation," but which "does *not* include the additional language of 17 U.S.C. § 1203(c)(3)(A)," *i.e.*, per act of circumvention or device. Opp. at 5. Plaintiff's reliance is misplaced.

Like the DMCA, § 605 sets forth two kinds of violations:

- § 605(a) establishes a cause of action against a person who "intercept[s] any radio communication" and (i) "publish[es] the . . . contents . . . of such intercepted communication to any person," or "use[s] such communication . . . for his own benefit," § 605(a); and

- § 605(e)(4) provides a cause of action against any person who "sells, or distributes any . . . *device*" that can be used for "unauthorized decryption" of satellite transmissions or "for any other activity prohibited under [§ 605(a)]." *Id.* § 605(e)(4) (emphasis added).

In addition, like the DMCA, § 605 provides different statutory remedies for each claim. For both causes of action, a prevailing plaintiff "may recover an award of statutory damages for each

---

[1] Plaintiff's cases about the purpose of the DMCA address § 1201 and have nothing to do with statutory awards. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 253 F. Supp. 2d 943, 967-71 (E.D. Ky. 2003), *vacated*, 387 F.3d 522 (6th Cir. 2004) (cited in Opp. at 3); *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178 (Fed. Cir. 2004) (cited in Opp. at 10).

2

violation," *id.* § 605(e)(3)(C)(i)(II); however, § 605(e)(4) expressly states that "[f]or purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to *each such device shall be deemed a separate violation.*" *Id.* § 605(e)(4) (emphasis added). Thus, like a plaintiff who prevails on a § 1202 claim, a plaintiff who succeeds on a § 605(a) claim "may recover an award for each violation." And, like a plaintiff who prevails on a § 1201 claim, a plaintiff who succeeds on a § 605(e)(4) claim is entitled to a separate statutory award for "each . . . device."

The case attached as an exhibit to Plaintiff's brief expressly makes this point – "[u]nder the statute, 'the prohibited activity . . . as it applies to each such device shall be deemed a separate violation. § 605(e)(4)." *DirecTV, Inc. v. Hendrix*, 2005 WL 757562, at *4 (N.D. Cal. Apr. 1, 2005) (cited in Opp. at 5, and attached as Opp. Ex. B). All but one of Plaintiffs' cited cases address § 605(e)(4) violations and enter multiple awards based on the number of devices. *See id.* at *6 ("as there are 200 devices at issue, the total amount of damages is $2,000,000"). The only other case Plaintiff cites dealt with a § 605(a) claim, and the court in that case issued a single statutory award even though the defendant displayed the intercepted broadcast to 15 people. *See Top Rank, Inc. v. Ortiz*, 2003 WL 1960211, at *2-3 (S.D.N.Y. Mar. 27, 2003) (cited in Opp. at 7). Numerous cases have held that a § 605(a) plaintiff recovers a single award regardless of the number of people to whom the intercepted broadcast is displayed or how many transmissions are intercepted. *E.g.*, *Garden City Boxing Club, Inc. v. Perez*, 2006 WL 2265039, at *5 (E.D.N.Y. Aug. 8, 2006) ("the showing of an event on a single night" is "one violation" no matter how many people view the intercepted broadcast); *DirecTV, Inc. v. Albright*, 2003 WL 22956416, at *2, *3 (E.D. Pa. Dec. 9, 2003) (defendant committed "a *single violation* of subsection (a)" when he "used [a device] to pirate DirecTV's television *transmissions*") (emphasis added). In fact, in interpreting § 605's damages provision, the Second Circuit

3

expressly rejected the theory advanced here by Plaintiff. *See Cmty. Television Sys., Inc. v. Caruso*, 284 F.3d 430, 435 (2d Cir. 2002) (rejecting argument that a separate § 605(a) violation is committed "every time a person 'receive[s]' TV images transmitted by radio waves and 'use[s]' such images 'for his own benefit' by enjoying a telecast").

As Plaintiff concluded, "[w]ithout question, the *DirecTV* line of cases is even more applicable to 17 U.S.C. § 1203(c)(3)(B) because of the similarity of the language between the two statutes analyzed." Opp. at 7. And, without question, that line of cases proves that Ms. McClatchey's interpretation of § 1203(c)(3)(B) is incorrect.

4.   *The precedent governing infringement claims informs the interpretation of the DMCA's damages provision.*  Although Plaintiff claims "[t]here is no support" for considering cases limiting damages under the Copyright Act, her brief asks the Court to apply a case dealing solely with statutory damages awarded under that Act. *See* Opp. at 4, 8-9 (citing *Controversy Music v. Shiferaw*, 2003 WL 22048519, at *2-3 (N.D. Cal. July 7, 2003) (statutory damages under the Copyright Act)). Thus, as Plaintiff's brief acknowledges, in interpreting the damages provisions of § 1203, "it seems quite reasonable to assume that the precedents concerning statutory damages under section 504(c) of the Copyright Act are highly persuasive if not determinative." 2 HOWARD B. ABRAMS, THE LAW OF COPYRIGHT § 17.62.

5.   *Nimmer does not support Plaintiff's interpretation.*  Unable to point to any text, case, or similar statute to support her view, Plaintiff points to a treatise, claiming it "confirms" her "reading of the statutory language that multiple awards are warranted for multiple distributions of the same work." Opp. at 4. *Nimmer* says no such thing. Plaintiff takes *Nimmer*'s sentence stating that "[m]ultiple awards lie here 'for each violation of section 1202'" out of context. *Id.* In the relevant section, *Nimmer* explains that the DMCA's actual damages provision closely tracks the Copyright Act. *See* Opp. Ex. A (3-12A DAVID NIMMER, NIMMER ON

4

COPYRIGHT § 12A.13[A]). In contrast, the DMCA's statutory damages "do not apply per violation of a single copyrighted work, as pertains to statutory damages under the [Copyright] Act." *Id.* § 12A.13[B]. Instead, the DMCA provides that the "amount within the statutory range can be compounded." *Id. Nimmer* explains that for § 1201 violations "the multiple applies 'per act of circumvention, device,'" but, for § 1202, "[m]ultiple awards lie here 'for each violation of section 1202.'" *Id.* The point *Nimmer* makes in this section is not that a plaintiff is entitled to multiple awards for a single violation of § 1202, as Plaintiff contends, but that, unlike the Copyright Act, a plaintiff can collect multiple damage awards for a single work if she proves multiple violations. The treatise makes no attempt to define "violation"; rather, it simply parrots the language of the statute.

6. *Even if the statute awarded damages "per act," Plaintiff still would be limited to two awards.* The opposition does not offer a single source to rebut AP's argument that the plain meaning of "distribute" and its meaning under the Copyright Act demonstrate that distribution to multiple recipients is a single act. AP Mem. at 6-7. Thus, even if Plaintiff's view is correct, she is entitled to only one award per distribution, not per person who received the distribution.

Plaintiff's assertion that the statute would "reward, rather than deter, egregious conduct" because "the maximum penalty would be $25,000 regardless of whether the printed material was sent to one person or five million people", Opp. at 8-9, ignores the structure of the statute. When a defendant's conduct has caused injury, a plaintiff may elect to pursue an award of actual damages – including disgorgement of defendant's profits – with no cap on the amount that could be awarded. 17 U.S.C. §1203(c)(2). Plaintiffs, like Ms. McClatchey, who have suffered *no* damages whatsoever as a result of the accused conduct can elect as she has done to seek statutory damages. The statutory damage provision was never intended to reward plaintiffs who suffer no damages with windfall damage awards (i.e., 1,147 x $25,000 = $28,675,000).

5

Dated: May 15, 2007

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: _/s/ Robert Penchina_

Robert Penchina (*Pro Hac Vice*)
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

Gayle C. Sproul (I.D. No. 38833)
Michael Berry, I.D. No. 86351 (*Pro Hac Vice*)
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778
(215) 988-9750 (Fax)

*Attorneys for The Associated Press*

## CERTIFICATE OF SERVICE

I, Scott Bailey, hereby certify that on this 15th day of May, 2007, I caused to be served a true and correct copy of the foregoing Reply Brief in Support of the Motion in Limine to Limit Plaintiff to Two Statutory Damage Awards under the Digital Millennium Copyright Act via the Court's ECF system, upon the following counsel of record:

>	Paul K. Vickrey
>	Douglas M. Hall
>	Kara L. Szpondowski
>	Niro, Scavone, Haller & Niro
>	181 West Madison, Suite 4600
>	Chicago, Illinois 60602-4515
>
>	John E. Hall
>	Eckert Seamans Cherin & Mellott, LLC
>	USX Tower
>	600 Grant Street, 44th Floor
>	Pittsburgh, Pennsylvania 15219

>	/s/ Scott Bailey
>	Scott Bailey