IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VALENCIA M. MCCLATCHEY, :

                Plaintiff, :

vs. : Civil Action No. 05-145 J

THE ASSOCIATED PRESS, :

                Defendant. :

**AP'S REPLY BRIEF IN SUPPORT OF ITS MOTION
IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS AND
TESTIMONY REGARDING ALLEGED THIRD PARTY INFRINGEMENTS**

In response to AP's motion to exclude evidence and testimony relating to publications made by the Washington Post, The Philadelphia Daily News, magazines and "conspiracy websites," Plaintiff's submission states that, for now, "Ms. McClatchey agrees not to submit" that evidence, but indicates that she will instead "submit evidence and testimony pertaining to the third party infringement of . . . Newsday." Plaintiff has needlessly and vexatiously multiplied the proceedings in this case in violation of 28 U.S.C. § 1927. Moreover, Plaintiff now seeks to improperly submit evidence in the form of a document plaintiff failed to produce to AP, and relating to a third party not identified by Plaintiff, until after both parties submitted their pretrial statements to the Court.

I.      Plaintiff's Violation of 28 U.S.C. § 1927

      Section 1927 states that:

> Any attorney or other person admitted to conduct cases in any
> court of the United States or any Territory thereof who so

> multiplies the proceedings in any case unreasonably and
> vexatiously may be required by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees reasonably incurred
> because of such conduct.

Plaintiff's insistence that she would seek damage awards against AP based on uses of her photograph made by third parties to whom Plaintiff herself expressly licensed the photograph has unreasonably multiplied the proceedings in this case. Prior to AP's submission of its motion in *limine* directed at the supposed third party infringements by the Washington Post, Philadelphia Newspapers, magazines, and conspiracy websites, AP's counsel advised Plaintiff's counsel of AP's intent to file that motion and the grounds therefore. Counsel for Plaintiff (i) disagreed that Plaintiff had failed to produce evidence of second uses made by those newspapers, (ii) denied that Plaintiff had licensed subsequent uses by the Washington Post notwithstanding the agreement with the Washington Post executed by Plaintiff, and (iii) asserted that uses made by "conspiracy websites" were relevant to AP. Plaintiff's counsel insisted that Plaintiff would attempt to introduce the questioned evidence before the jury. Moreover, Plaintiff's counsel suggested that Plaintiff "might" move in *limine* to limit AP from producing a witness from the Washington Post to testify that Plaintiff had entered into a license agreement with the Washington Post. AP's counsel made it clear that the Washington Post witness only would be offered in the event Plaintiff persisted in arguing that she had not licensed the Washington Post to make multiple publications of her photo.

Based on the assertions of Plaintiff, AP had no choice but to file its motion in *limine*. In addition, Plaintiff did indeed file—and thus forced AP to respond to—a motion to exclude testimony of the witness from the Washington Post whose testimony only would have been necessary to rebut Plaintiff's now withdrawn assertion that the Washington Post committed some infringement (for which AP allegedly was responsible). The vexatious nature of Plaintiff's

2

conduct is demonstrated by the fact that on May 9, 2007—two days before AP's response to Plaintiff's already filed motion in *limine* was due (i.e., while there was still time to avoid unnecessary work in responding to that motion)—Plaintiff's counsel called AP's counsel and stated, among other things, that Plaintiff will win all of the motions in *limine*, but giving no indication that Plaintiff agreed she would not introduce evidence concerning uses made by the Washington Post, thereby rendering the response to Plaintiff's motion unnecessary. Plaintiff's inappropriate conduct needlessly has multiplied the proceedings in this case. *Cf. Baldwin Hardware Corp. v. Franksu Enter. Corp.*, 78 F.3d 550, 560 (Fed. Cir. 1996) (Affirming award of fees and costs incurred in making motion in *limine* to exclude inappropriately offered evidence); *Perkins v. General Motors Corp.*, 129 F.R.D. 655, 666 (W.D. Mo. 1990) (awarding reasonable expenses and fees incurred for "time spent on GM's motion in *limine*") *aff'd*, 965 F.2d 597 (8th Cir. 1992).

II.  Evidence Concerning Newsday Should be Excluded

On April 26, 2007—after submission by the parties of their pretrial statements and the Court's issuance of a trial scheduling order—Plaintiff for the first time sent an unauthenticated document to AP which appears to relate in some way to Newsday.com (*See* Appendix A). In her response to AP's motion to exclude evidence relating to the Washington Post and other newspapers, Plaintiff indicates that she intends to submit evidence concerning Newsday, and falsely states that the document relating to Newsday that she provided to AP for the first time on April 26, 2007 "ha[d] been produced to the AP during discovery." (McClatchey Resp. 2). However, fact discovery in this matter closed on March 15, 2006, more than a year before Plaintiff either produced any document relating to Newsday or even identified Newsday as having anything whatsoever to do with this matter.

3

As this Court recently made clear in an analogous context, it is entirely appropriate that "documents produced for the first time in connection with [a] Plaintiff['s] Pretrial Statement or the parties' Motions in Limine . . . be excluded from trial." *Frederick v. Hanna*, Civ. Action No. 05-514, 2007 WL 853480, at *4 (W.D. Pa. Mar. 16, 2007). As in that case, here AP is "prejudiced, because trial is imminent and [it is] unable to now prepare to address the late-disclosed documents." *Id.* For example, AP is not able to explore at deposition whether Plaintiff may have had arrangements with Newsday similar to those she had with the Washington Post, Philadelphia Daily News and other entities who she previously but no longer can identify as infringers.

Plaintiff has offered no justification for her belated production of this document. Rather, as Plaintiff herself argued to the Court seeking to exclude testimony from the Washington Post, she "should have disclosed [it] during discovery." Plaintiff accordingly should be barred from introducing documents or testimony at trial concerning any alleged infringement made by Newsday.

4

## CONCLUSION

For all of the foregoing reasons, AP respectfully requests that the Court issue an order excluding documents and testimony concerning Newsday, and awarding AP its fees and costs, including reasonable attorneys fees, incurred in connection with this motion and in responding to Plaintiff's motion in limine.

Dated:  May 15, 2007

                                          Respectfully submitted,
                                          LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By:    */s/ Robert Penchina*

Robert Penchina (*Pro Hac Vice*)
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

Gayle C. Sproul (I.D. No. 38833)
Michael Berry, I.D. No. 86351 (*Pro Hac Vice*)
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778
(215) 988-9750 (Fax)

*Attorneys for The Associated Press*

## CERTIFICATE OF SERVICE

I, Scott Bailey, hereby certify that on this 15th day of May, 2007, I caused to be served a true and correct copy of the foregoing Reply Brief in Support of its Motion in Limine via the Court's ECF system, upon the following counsel of record:

>Paul K. Vickrey
>Douglas M. Hall
>Kara L. Szpondowski
>Niro, Scavone, Haller & Niro
>181 West Madison, Suite 4600
>Chicago, Illinois 60602-4515
>
>John E. Hall
>Eckert Seamans Cherin & Mellott, LLC
>USX Tower
>600 Grant Street, 44th Floor
>Pittsburgh, Pennsylvania 15219

>/s/Scott Bailey
>Scott Bailey