IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VALENCIA M. MCCLATCHEY,         :

                Plaintiff,         :

vs.                             :   Civil Action No. 05-145 J

THE ASSOCIATED PRESS,           :

                Defendant.        :

### AP'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO LIMIT PLAINTIFF TO ONE STATUTORY DAMAGE AWARD UNDER THE COPYRIGHT ACT

Although Plaintiff concedes that "she is only entitled to recover statutory damages for one of the [allegedly] infringing actions by Defendant, i.e. direct, contributory, or vicarious, not for all three," and "there is [only] one work at issue here," she nevertheless persists in seeking multiple statutory damages awards against AP. Opp. at 2. Such multiple awards are foreclosed by the applicable law.

1.    <u>The Cases Relied On By Plaintiff Do Not Support Multiple Damage Awards</u>

Plaintiff did not identify any case in which multiple statutory damage awards actually were granted against a defendant based on infringing acts relating to a single work undertaken by that defendant and others to whom the defendant had distributed the work. Instead, Plaintiff repeatedly quotes a formulation stated in a series of cases in which the issue before the court was how many different copyrighted works had been infringed, not how many damages awards should be granted against a defendant who may have contributed to infringements of a single work by others.

For example, in *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 191 (1st Cir. 2004) (cited at Opp. 3, 5, 7), the court considered whether the term "works" employed in § 504(c) relates to "'the number of infringed works' rather than on the number of infringing works." The court concluded that "'works' in § 504(c)(1) means 'songs' in the context of this case"—i.e., the infringed works. *Id.* at 194. Moreover, the court made only a single statutory damage award per song, notwithstanding that the defendant record companies presumably distributed the songs to retailers who in turn distributed to the public. Similarly, *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. 1992) (cited at Opp. 3, 4, 7), the court considered whether a plaintiff may "recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration" and concluded that the plaintiff could pursue statutory damages only for a single work that had been timely registered. In *MCA Television Ltd. v. Feltner*, 89 F.3d 766, 770 (11th Cir. 1996) (cited at Opp. 5, 8), the court merely considered whether "the district court properly awarded [statutory] damages for each television episode, rather than for each series, broadcast as a separate 'work.'" The court expressly declined to reach issues relating to whether damages had improperly been awarded with respect to multiple broadcasts of the same episode because the defendant had failed to timely raise the issue in the district court. *Id.* at 771. *Universal City Studios, Inc. v. Ahmed*, No. 93-3266, 1993 U.S. Dist. LEXIS 14951 (E.D. Pa. 1993) (cited at Opp. 4, 7), made no statutory damage award. Rather, the court merely indicated that, on the motion before it for a default judgment against only one of the defendants, "the present record before the Court does not provide an adequate factual basis to support an award of statutory damages." *Id.* at *4. Finally, in *Columbia Pictures Television, Inc. v. Krypton Broadcasting*, 259 F.3d 1186, 1194 (9th Cir. 2001) (cited at

Opp. 4), the court rejected the defendant's argument that broadcasts at issue "should only count as one 'work.'"[1]

### 2. No Court Has Adopted the Nimmer Formulation Cited by Plaintiff

Plaintiff has not cited a single case in which the court adopted and adhered to the formulation she quotes from the Nimmer treatise. To be sure, courts have discussed and quoted that passage—but have not followed it. To the contrary, a court has observed that, "faced with the issue in a courtroom rather than a classroom, the Court will not follow Professor Nimmer to reach the result that [the plaintiff] seeks." *Bouchat v. Champion Prods., Inc.*, 327 F. Supp. 2d 537, 553 (D. Md. 2003).

Moreover, Plaintiff's efforts to discredit *Bouchat* fall short. Plaintiff's assertion that *Bouchat* somehow is inapposite because "AP had one specific photograph . . . which it distributed to its subscribers" while "the NFL gave the downstream defendants a license to use the logo on any variety of merchandise," Opp. at 7, identifies a distinction without a difference. The downstream uses of Bouchat's copyrighted drawing caused by the NFL "on any variety of merchandise" were far more extensive than the limited news use at issue here, and were made by more than 350 retailers who had less connection to each other than the 3 AP members whom Plaintiff contends made use of her photograph. Nevertheless, the court indicated that only a single statutory damage award was available for any and all of the downstream infringements participated in by the NFL.

Plaintiff's focus on whether there is joint and several liability between AP members such as AOL and the Progress is misplaced. In *Bouchat*, for example, there was absolutely no

---

[1] Plaintiff also cites *Salton, Inc. v. Philips Domestic Appliances & Personal Care*, 391 F.3d 871 (7th Cir. 2004) (Opp. at 5). This case has nothing to do with damages, but merely addresses the issue of joinder under Fed. R. Civ. P. 19.

3

suggestion that any of the 350 individual downstream retailers who each were jointly and severally liable with the NFL also were jointly and severally liable with each other. Likewise, in *United States Media Corp. v. Edde Entertainment Corp.*, No. 94 Civ. 4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998), the court granted only a single award of statutory damages against a video distribution company and 5 retailers to whom it had distributed the video at issue. The court found that in addition to the distributor, each of the retailers themselves separately infringed copyright by selling or renting copies of the video to the public, and the distribution company was contributorily liable for each of those infringements. There was no finding that each of the retailers was jointly and severally liable for the infringing acts committed by the other retailers.[2] Nevertheless, the court held that: "Since Edde impermissibly distributed the film to some of the retailers [i.e., the 5 mentioned above], which in turn distributed them to the public, Edde and those retailers that handled the film would be jointly and severally liable for any statutory damage award." *Id.* at *20. Accordingly, and contrary to Plaintiff's argument, the court granted only a single statutory damage award with respect to multiple infringements of a single work where the distributor was jointly and severally liable with each of the downstream defendants, but none of the downstream defendants contributed to infringements committed by the others. The result should be no different here. Plaintiff is entitled to, at most, a single award of statutory damages.

---

[2] The court did find that a sixth entity, a distributor named Casablanca Distributors Inc., was a wholly owned subsidiary of one of the 5 retailers, and that this entity was jointly and severally liable with its parent. *United States Media Corp. v. Edde Entertainment Corp.*, No. 94 Civ. 4849, 1998 WL 401532, at *6 (S.D.N.Y. July 17, 1998). There was no finding that this entity had contributed to or was vicariously liable for the activities of any of the other retailer. In addition, the plaintiff named as defendant two individuals who were principals of one of the retailers. *Id.* The court found that these principals were vicariously liable for the acts of the retailer of which they were principals, but did not connect them to the infringements committed by any of the other retailer defendants. *Id.* at *7-8.

4

## CONCLUSION

For all of the foregoing reasons, AP respectfully requests that the Court issue an order limiting Plaintiff to, at most, a single award of statutory damages.

Dated:  May 16, 2007

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: /s/ Robert Penchina

Robert Penchina (*Pro Hac Vice*)
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100
(212) 850-6299 (Fax)

Gayle C. Sproul (I.D. No. 38833)
Michael Berry, I.D. No. 86351 (*Pro Hac Vice*)
2112 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19103
(215) 988-9778
(215) 988-9750 (Fax)

*Attorneys for The Associated Press*

## CERTIFICATE OF SERVICE

I, Scott Bailey, hereby certify that on this 16th day of May, 2007, I caused to be served a true and correct copy of the foregoing Reply Brief in Support of its Motion in Limine via the Court's ECF system, upon the following counsel of record:

>Paul K. Vickrey
>Douglas M. Hall
>Kara L. Szpondowski
>Niro, Scavone, Haller & Niro
>181 West Madison, Suite 4600
>Chicago, Illinois 60602-4515
>
>John E. Hall
>Eckert Seamans Cherin & Mellott, LLC
>USX Tower
>600 Grant Street, 44th Floor
>Pittsburgh, Pennsylvania 15219

>/s/Scott Bailey
>Scott Bailey