**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-145J |
| v. ) | |
| ) | |
| THE ASSOCIATED PRESS, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MS. MCCLATCHEY'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS AND TESTIMONY REGARDING ALLEGED THIRD PARTY INFRINGEMENTS

With no acceptable basis on which to support its motion *in limine*, AP has now lowered itself to an attack upon Ms. McClatchey's counsel through an untenable charge under 28 U.S.C. §1927. To correct the misrepresentations made by AP and respond to these baseless attacks, Ms. McClatchey submits the following brief surreply.

### I.    MS. MCCLATCHEY HAS NOT VIOLATED 28 U.S.C. §1927

AP accuses Ms. McClatchey of violating 28 U.S.C. §1927. Even beyond the fact that this belated accusation is made for the first time in a reply brief, it is inapplicable for several reasons. First, 28 U.S.C. §1927 "does not grant a district court the authority to impose liability against the litigant." Williams v. Giant Eagle Markets, Inc., 883 F.2d 1184, 1191 (3d Cir. 1989). Second, "before a court can order the imposition of attorneys' fees under §1927, it must find willful bad faith on the part of the offending attorney." Id.

Worse yet, the issues raised by AP regarding third party infringements all stem from its own actions or inactions: (1) Despite having years to do so, AP has taken no action to remove the McClatchey photo from the files of its 1,147 subscribing members that received distribution

of the photo; and (2) AP has taken the (convenient) position in this case that it has no knowledge of the usage of the McClatchey photo by its subscribing members. Thus, because of AP's improper distributions, not only is the McClatchey photo still in the possession of the 1,147 subscribing members, but these members *still* falsely believe AP is the rightful owner of Mrs. McClatchey's photo. Because of this, as the Newsday usage confirms, the McClatchey photograph is still being improperly published to this day. Moreover, Ms. McClatchey has been forced to investigate the prior and continued use of her photograph with no cooperation from AP -- which has instead chosen to wash its hands of the situation. Having no valid response for these actions, AP has now taken to attacking, apparently, Ms. McClatchey's counsel.

In doing so, AP has inaccurately stated Ms. McClatchey's position. Ms. McClatchey's position has always been that she would seek damage awards against AP based on uses of her photograph made by third parties who received the photograph from AP. To that end, and because of AP's claim of ignorance, Ms. McClatchey has been forced to investigate these uses on her own, and has in good faith attempted to determine which third parties published the photograph they received from AP. That investigation continues to this day.

Ms. McClatchey initially had good faith reason to believe that her photograph had been used by the Washington Post a second time without her permission, and testified as such at her deposition. (McClatchey Dep. at 35-36). However, to date, Ms. McClatchey has been unable to find a document showing that use. As such, Ms. McClatchey has agreed that she will not be submitting a second use by the Washington Post.

As well, Ms. McClatchey has never asserted that uses made by the so-called 'conspiracy websites' were relevant to AP, or that she was going to present such evidence to the jury. Like Ms. McClatchey's investigations of newspapers and newssites, investigation into other web sites

2

(including conspiracy sites) which have used the photograph may have been relevant to AP, if those sites had acquired the photograph through AP's distribution. However, to date, Ms. McClatchey has not been able to find documented evidence that those web sites acquired the photograph from AP. As such, Ms. McClatchey has agreed not to present such evidence at trial.

Beyond distorting the record here, AP fails to show how Ms. McClatchey has "multiplied the proceedings." In fact, Ms. McClatchey has agreed to limit the number of issues at trial. Moreover, it is axiomatic that Ms. McClatchey is entitled to investigate third parties in order to prove her case. AP has nobody to blame but itself for the continued improper use of Ms. McClatchey's photograph by its members and subscribers, evidence of infringement which Ms. McClatchey continues to uncover despite AP's failure to produce.

Finally, AP's assertions about statements made by Ms. McClatchey's counsel on May 9, 2007 are untrue and unprofessional. Neither Ms. McClatchey's counsel nor the Court should have to waste time on these self-serving statements. The telephone call referred to by AP that took place on May 9, 2007 was to discuss settlement, and specifically AP's refusal to provide a good faith counterproposal to Ms. McClatchey's settlement offer. Instead of providing a good faith counter-offer (as AP's counsel told the Court it would on April 20, 2007), AP served an "offer of judgment" in an apparent attempt to bully Ms. McClatchey into settling.

AP's 28 U.S.C. §1927 assertions are nothing more than a reckless attempt by AP to deflect focus from its own actions in this case; they should be denied with prejudice.

## II. Evidence Concerning Newsday is Relevant and Does Not Prejudice AP

Defendant's reply is a thinly veiled attempt to eliminate actual proof by Ms. McClatchey that Newsday published the photograph after receiving it from AP. Ms. McClatchey produced a single page document from Newsday's website, which shows that her photograph is still being used and is still being identified as an "AP Photo". The document evidences how, as an AP subscriber, Newsday received the photo from AP (with the false copyright management information). And, most importantly, the document establishes that AP never informed Newsday not to use the photograph; otherwise, it is fair to assume Newsday would have changed the attribution, or not used Mrs. McClatchey's photo at all.

AP's criticism is that Ms. McClatchey did not find this photograph until recently (after discovery ended). Its discovery came through her own search efforts, since AP failed to produce it, claiming it has no documentation showing which of its subscribers published the photograph. The content of this document is no different than that of the AOL document showing third party use by an AP subscriber. Because of AP's actions (illegally distributing the McClatchey photograph 1,147 times), and inactions (failing to inform its distributees that AP and therefore its subscribers are not entitled to use the photograph) the infringing conduct will continue. Put another way, unless AP's conduct is stopped, and it is forced to retract the photo and correct the record, AP subscribers will continue to publish Ms. McClatchey's photograph into the foreseeable future.

AP's reply is a wasteful attack, and nothing more than a scare tactic. What it does reveal instead, is how AP has failed to show how it is prejudiced by the Newsday document showing additional third party use of Ms. McClatchey's photograph. AP's attempt to shift blame is ill-conceived and its motion *in limine* regarding Newsday should be denied.

Respectfully submitted,


/s/Douglas M. Hall_____
Paul K. Vickrey
Douglas M. Hall
Kara L. Szpondowski
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois  60602-4515
Phone: 312-236-0733
Fax: 312-236-3137
*Attorneys for Valencia M. McClatchey*

John E. Hall
Eckert Seamans Cherin & Mellott, LLC
USX Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone:  (412) 566-6000
Fax: (412) 566-6099

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true copy of the foregoing **MS. MCCLATCHEY'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS AND TESTIMONY REGARDING ALLEGED THIRD PARTY INFRINGEMENTS** was served upon the below listed parties on this 21st day of May 2007.

**By ECF:**  Gayle C. Sproul
Levine Sullivan Koch & Schultz, LLP
2112 Walnut St., 3rd Floor
Philadelphia, PA 19013
Phone: (215) 988-9778

**By ECF:**  Robert Penchina
Levine Sullivan Koch & Schultz, LLP
230 Park Avenue
Suite 1160
New York, NY 10169
Phone: (212) 850-6100
Fax: (212) 850-6299

/s/Douglas M. Hall