# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, ) | |
| ) | |
| Plaintiff, ) | 3:05-cv-145 |
| ) | |
| v. ) | |
| ) | |
| ASSOCIATED PRESS, ) | |
| ) | |
| Defendant. ) | |

## SECOND AMENDED TRIAL SCHEDULING ORDER

AND NOW, this 5th day of June, 2007, the Court hereby ORDERS as follows:

**A.    Final Pretrial Order:**

**1.**    Jury selection and trial is hereby scheduled on **July 23, 2007 at 9:30 a.m.**, in Courtroom #6C, Sixth Floor, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219.

**2.**    The following items shall be filed with the Clerk of Court, served upon opposing counsel and submitted to Chambers unless otherwise specified.

**3.    Exchange of Witness Lists.**

(a)    Plaintiff shall submit a final list of trial witnesses, specifying separately those who will definitely be called and those who may be called if needed (other than purely for impeachment) by **July 9, 2007.**

(b)    Defendant shall submit a final list of trial witnesses, specifying separately those who will definitely be called and those who may be called if needed (other than purely for impeachment) by **July 9, 2007.**

4. **<u>Exhibits</u>**

All exhibits must be marked and exchanged in advance of trial. To avoid duplication and potential jury confusion, counsel shall confer in advance of trial and agree on one joint set of consecutively numbered exhibits. Exhibits which will be offered/utilized/relied upon at trial by both plaintiff(s) and defendant(s) shall be marked consecutively as Joint Exhibit 1, 2, 3, etc., in numerical order. Exhibits which will be offered at trial only by plaintiff(s) shall be marked consecutively as Plaintiff(s) Exhibit 4, 5, 6, etc., and exhibits which will be offered at trial only by defendant(s) shall be marked consecutively as Defendant(s) Exhibit 7, 8, 9, etc., in consecutive numerical order. Copies of all premarked exhibits shall be provided to the Court in a binder(s), labeled and numerically tabbed on or before **July 9, 2007.** Objections to exhibits are to be made known to the Court prior to trial and same may be ruled upon prior to trial.

Counsel are not to take time during trial to exchange exhibits. Exhibits need not be offered into evidence in numeric order. As exhibits are admitted into evidence at trial, each exhibit (or copy thereof) shall be provided to the Courtroom Deputy Clerk for logging, safekeeping and ultimate submission to the jury.

Counsel are encouraged to use courtroom technology to present exhibits to the witnesses, jury and judge. With advance notice and approval of the court, visual aids and exhibits may be used during opening statements.

5. **Motions.** All pretrial motions have been contemporaneously ruled upon.

6. **Designation of Discovery Excerpts to be Offered at Trial**. The parties shall submit designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment or rebuttal) by **July 9, 2007**.

7. **Proposed Jury Instructions.** Substantive jury instructions (elements of plaintiff's cause of action and defendant's defenses) are to be submitted in the following format:

(a) The parties are required to **jointly** submit one set of agreed-upon instructions by **July 9, 2007** with citations of authority. To this end, counsel are required to serve their proposed instructions upon each other two (2) weeks prior to **July 9, 2007**. Counsel should then meet, confer and submit one complete set of agreed-upon instructions.

(b) If counsel cannot agree upon one complete set of instructions, they are required to submit one set of jointly agreed-upon instructions and separate supplemental sets of instructions which are not agreed-upon with specific objections and citations of authority regarding the disputed instruction(s).

(c) All instructions should be short, concise, understandable and neutral statements of law. Argumentative or formula instructions are improper and should not be submitted. The parties should note that the Court generally prefers instructions from the Third Circuit Model Jury Instructions and "Federal Jury Practice and Instructions," O'Malley, Grenig and Lee.

8. **Proposed Voir Dire.** The parties shall file any proposed voir dire questions, if different from those listed at Local Rule 47.1, by **July 9, 2007**.

9. **Proposed Verdict Forms.** The parties shall submit proposed verdict forms by **July 9, 2007**.

10. **Joint Stipulations.** The parties shall file a joint statement of stipulations by **July 9, 2007**. All possible stipulations shall be made as to:

(a) Facts;

(b) Issues to be decided;

      (c)      The authenticity and admissibility of exhibits;

      (d)      Expert qualifications and reports;

      (e)      Deposition testimony to be read into the record;

      (f)      A brief statement of the claims and defenses to be read to the jury at the introduction of the trial.

Counsel shall meet at a mutually convenient time and place to produce the joint stipulation in time for filing as ordered.

    **11.**    **Final Pretrial Conference.**  A final pretrial conference may be scheduled during the week before trial, if requested.

**B.**    **Trial Procedures:**

    1.    Court will commence promptly at **9:00 A.M.** each morning.  A morning break will be taken at approximately **11:00 A.M.**  Luncheon recess will be from **12:30 P.M.** to **1:30 P.M.**  An afternoon break will be taken at approximately **3:00 P.M.** and Court will adjourn at **4:30 P.M.  All counsel and witnesses are expected to be in their seats and ready to commence at the appointed times.**  Court will be in session from Monday through Thursday.

    2.    Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel prior to using them.

    3.    It will not be necessary for counsel to request permission to approach a witness.

    4.    Up to one hour is permitted each party for opening and closing statements, depending on the complexity of the case.

    5.    Counsel may use exhibits or charts in an opening statement provided that the same have been provided to opposing counsel beforehand and either agreement was reached or

the Court has ruled upon the matter.

      6.      Side bar conferences are discouraged. The flow or continuity of the case militates against a side bar each time an evidentiary problem arises. Counsel shall be prepared to state the legal basis for an objection with specific reference to the applicable Federal Rule of Evidence, without elaboration, opinion or argument (unless invited), and the Court will rule on the objection without additional discussion except in the most doubtful or critical areas. If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, lunch or for the day.

      It is expected that counsel will anticipate sensitive evidentiary issues which may require lengthy argument and will take up such matters out of the presence of the jury. The Court will be available at **8:30 A.M.** (or earlier if necessary) each morning and **4:30 P.M.** each afternoon to address such issues. It is the responsibility of counsel to notify the Court and other counsel of the need for a conference at 8:30 A.M. or 4:30 P.M. and all other counsel will be expected to be present at the appointed time for argument. **THE COURT WILL NOT DELAY THE PROCEEDING TO RESPOND TO LAST MINUTE REQUESTS FOR CONFERENCES TO DISCUSS MATTERS WHICH, IN THE EXERCISE OF REASONABLE DILIGENCE, COULD HAVE BEEN HEARD AT A MORNING OR AFTERNOON CONFERENCE.**

      7.      Prior to the commencement of the trial, counsel shall provide opposing counsel with the actual list of the next day's witnesses in the order they are expected to be called. The same procedure will be employed by both sides at the end of each court day.

      8.      The jury shall be permitted to take notes.

9.  A copy of the written charge shall be provided to the jury for use during its deliberations.

10. Generally, the jury will have all exhibits during its deliberations.

11. The jury panel in this matter shall consist of eight (8) jurors.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Douglas M. Hall, Esquire
Email: dhall@nshn.com
John E. Hall, Esquire
Email: jhall@eckertseamans.com
Kara L. Szpondowski, Esqquire
Email: szpondowski@nshn.com

Gayle C. Sproul, Esquire
Email: gsproul@lskslaw.com
Robert Penchina, Esquire
Email: rpenchina@lskslaw.com
Michael L. Berry, Esquire
Email: mberry@lskslaw.com