# EXHIBIT D
# TO
# PLAINTIFF'S MOTION FOR RECONSIDERATION,
# OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION
# OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

497 of 1053 DOCUMENTS

**JAMES PREMICK, a former Dick's Sporting Goods, Inc., employee, individually and on behalf of all other former and salaried Dick's employees, Plaintiffs, v. DICK'S SPORTING GOODS, INC., a Pennsylvania corporation, n1 Defendant.**

n1 According to Defendant, the caption of the Complaint incorrectly identifies Dick's Sporting Goods, Inc., as a Pennsylvania corporation, when in fact the corporation is a Delaware corporation.

02: 06cv0530

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

*2007 U.S. Dist. LEXIS 11813*

**February 20, 2007, Decided
February 20, 2007, Filed**

**PRIOR HISTORY:** *Premick v. Dick's Sporting Goods, Inc.*, 2007 U.S. Dist. LEXIS 3702 (W.D. Pa., Jan. 18, 2007)

**COUNSEL:** [*1] For JAMES PREMICK a former Dick's Sporting Goods, Inc. employee, individually and on behalf of all other former and current salaried Dick's employees, Plaintiff: Michael P. Malakoff, LEAD ATTORNEY, Malakoff, Doyle & Finberg, Pittsburgh, PA.

For DICK'S SPORTING GOODS, INC. a Pennsylvania corporation, Defendant: Gregory A. Miller, Buchanan Ingersoll, Pittsburgh, PA; James F. Glunt, Buchanan Ingersoll & Rooney, Pittsburgh, PA; Mark R. Hornak, Buchanan Ingersoll Rooney, Pittsburgh, PA.

**JUDGES:** Terrence F. McVerry, United States District Court Judge.

**OPINION BY:** Terrence F. McVerry

**OPINION:**

### MEMORANDUM OPINION AND ORDER OF COURT

Presently pending before the Court for disposition is the MOTION TO AMEND JANUARY 18, 2007 ORDER AND ADD A 28 U.S.C. 1292(B) CERTIFICATION TO ALLOW FOR IMMEDIATE APPEAL filed by Plaintiff James Premick. (*Document No. 22*). Defendant, Dick's Sporting Goods, Inc. ("Dick's"), opposes the motion (*Document No. 24*). Dick's contends that Plaintiff has not established that certification of the appeal is warranted pursuant to the requirements of *28 U.S.C. § 1292*. The Court agrees.

By Memorandum Opinion and Order of Court [*2] filed January 18, 2007, the Court granted Defendant's Motion to Dismiss and Strike and dismissed with prejudice for failure to state a claim Counts I, II, and IV of Plaintiff's Complaint. Additionally, all allegations of the Complaint related to class action treatment under *Federal Rule of Civil Procedure 23* were dismissed and stricken.

Pursuant to *Section 1292(b)*, a party moving for certification of an interlocutory appeal must demonstrate that: (1) the order from which the appeal is sought involves a controlling question of law, (2) there is substantial ground for difference of opinion with respect to that question, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974)*.

However, even if all three criteria under *Section 1292(b)* are met, a district court may still deny certification, as the decision is entirely within the district court's discretion. *Swint v. Chambers County Comm'n, 514 U.S. 35, 47, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995); Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976)*. [*3] The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment. *See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)*.

EXHIBIT

D

Case 3:05-cv-00145-TFM    Document 71-5    Filed 06/07/2007    Page 3 of 3

Page 2
2007 U.S. Dist. LEXIS 11813, *

Certification of an interlocutory appeal is granted sparingly and only in exceptional circumstances. *Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1996), aff'd, 141 F.3d 1154 (3d Cir. 1998)*.

After reviewing the parties' arguments and the applicable legal requirements, the Court concludes that certification for appeal of the Court's January 18, 2007, Memorandum Opinion and Order is not warranted. Specifically, the Court is not persuaded that an interlocutory appeal will materially advance the ultimate termination of this litigation.

Currently, only Count II, which is a "Golf Pro FLSA" claim, remains pending in the case *sub judice*. However, as Plaintiff acknowledges, the "same" claim as that alleged in Count II is presently pending before the United States District Court for the Western District of New York, see *Parks v. Dick's Sporting Goods, Inc., W.D. N.Y. 6:05-cv-06590, 2006 U.S. Dist. LEXIS 39763*, [*4] and, significantly, Plaintiff also acknowledges that his rights could be protected as a "putative member of that pre-existing FLSA collection action."

Therefore, as Dick's persuasively contends, Plaintiff's pursuit of an immediate interlocutory appeal would not materially advance the termination of this litigation. Rather, the most efficient way for Plaintiff to materially advance the termination of this litigation would be for him to opt-in to the pending *Parks* litigation, dismiss Count II of the instant Complaint, and take an appeal of Count I in the ordinary course.

Additionally, the Court finds and rules that Plaintiff has presented neither a controlling question(s) of law nor a difference of opinion on those issues. District courts in this circuit have held that although a question appears to be a controlling question of law, questions about a court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b). *Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D. N .J.1996))*. In *Kapossy*, the district court held that *§ 1292(b)* [*5] was not intended to put legal questions before the court of appeals "in which the exercise of the district court's discretion [was] necessarily intertwined with its understanding of the facts of the case . . . ." *Kapossy, 942 F. Supp. at 1002*.

Plaintiff essentially argues that the Court was incorrect in finding that Dick's had met its legal obligations under *29 C.F.R. § 541.602(a)* and *541.604*. Although Plaintiff cites to authority that he claims conflicts with the Court's decision, the Court is not persuaded that a substantial ground for difference of opinion exists to justify interlocutory review. Rather, Plaintiff has merely expressed disagreement with the Court's ruling, which does not warrant an interlocutory appeal. *See Kapossy, 942 F. Supp. at 1001*. A party stating its difference of opinion with respect to the Court's discretionary findings does not constitute a substantial ground for difference of opinion. *See id.*

For the reasons stated above, the Court denies Plaintiff's motion pursuant to *28 U.S.C. § 1292(b)* to certify the Court's Memorandum Opinion and Order [*6] of January 18, 2007. An appropriate order follows.

McVerry, J.

**ORDER OF COURT**

AND NOW, this 20th day of February, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the Motion to Amend January 18, 2007 Order and Add A *28 U.S.C. 1292(b)* Certification to Allow for Immediate Appeal filed by Plaintiff James Premick is **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry

United States District Court Judge