# EXHIBIT E
# TO
# PLAINTIFF'S MOTION FOR RECONSIDERATION,
# OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION
# OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

LEXSEE 1990 US DIST LEXIS 6471

METRO TRANSPORTATION CO. t/a YELLOW CAB COMPANY, Plaintiff, and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, Intervenor-Plaintiff, and THE PENNSYLVANIA PUBLIC UTILITY COMMISSION, Intervenor-Plaintiff, v. UNDERWRITERS AT LLOYD'S OF LONDON, HENRY RALPH ROKEBY-JOHNSON, As Representative Underwriter of Those Underwriters Subscribing to Certificate No. 272-1489, and NORTH STAR REINSURANCE CORP., NORTHWESTERN NATIONAL INSURANCE COMPANY, Defendants. NORTHWESTERN NATIONAL INSURANCE COMPANY, Third-Party Plaintiff, v. REPUBLIC HOGG ROBINSON OF PENNSYLVANIA, INC., t/k/a THE WIRKMAN CO. and H & W UNDERWRITERS, Third-Party Defendants

Civil Action No. 88-3325

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1990 U.S. Dist. LEXIS 6471*

May 23, 1990, Decided
May 25, 1990, Filed

**COUNSEL:** [*1] Kevin Walsh, Esq., ADELMAN LAVINE KRASNY GOLD AND LEVIN, Philadelphia, Pennsylvania.

*Official Creditors Committee* William G. Downey, Esq., CLARK LADNER FORTENBAUGH AND YOUNG, Philadelphia, Pennsylvania, James McGuire, Esq., MENDES AND MOUNT, New York, New York.

Andrew C. Hecker, Jr., Esq., HECKER RAINER AND BROWN, Philadelphia, Pennsylvania, James A. McGuire, Esq., (Counsel to Henry Ralph Rokeby-Johnson), LORI KRADZINSKI, ESQ., HARVEY PENNINGTON HERTIN & RENNEISEN LTD, Philadelphia, Pennsylvania, by: GLEN C. EQUI.

*PA. PUBLIC UTILITY COMMISSION,* Alan Kohler, Esq., Daniel P. Delaney, Esq., Harrisburg, Pennsylvania.

*NORTHWESTERN NATIONAL INSURANCE CO.,* by: Maryann R. Piper, Esq., Philadelphia, Pennsylvania, Richard M. Jordan, Esq.

**JUDGES:** Herbert J. Hutton, United States District Judge.

**OPINION BY:** HUTTON

**OPINION**

*MEMORANDUM AND ORDER*

On September 17, 1986, plaintiffs initiated this declaratory judgment action in order to determine the extent of each defendants' liability under certain policies of insurance. Several motions for summary judgment were filed by the parties. On July 7, 1989, this Court held that the PUC regulations, the respective case law, and state statutes mandate specific insurance [*2] requirements for passenger carriers operating in Pennsylvania, thereby rendering defendants liable for certain insurance coverage.

Defendants' moved for reconsideration. In a Memorandum and Order dated October 24, 1989, this Court again found against the defendants. This Court granted the request of defendants Northwestern National Insurance Company and Henry Ralph Rokeby-Johnson for certification pursuant to *Federal Rule of Civil Procedure 54(b).* [1] By Order dated May 11, 1990, the Third Circuit Court of Appeals remanded requesting reconsideration of this Court's certification pursuant to *Fed.R.Civ.P. 54(b).*

1 This Court reads petitioner's request for certification as requesting certification in the event that this Court either denies reconsideration or grants reconsideration but finds against petitioner. Since this Court found against petitioner,

EXHIBIT E

appellate certification was filed pursuant to *Fed.R.Civ.P. 54(b)*.

*Federal Rule of Civil Procedure 54(b)* states in pertinent part:

(b) Judgment upon Multiple Claims or [*3] Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Third Circuit "obtains jurisdiction only when an appeal is taken from a final order (*28 U.S.C. § 1291*) or from an appealable interlocutory order (*28 U.S.C. § 1292*)". *Allis-Chalmers Corp. v. Philadelphia Electric Company, 521 F2d 360, 362 (3rd Cir. 1975)*. Title *28 U.S.C. § 1292(b)* states in pertinent part:

(b) When a district court judge, in making (sic) a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

"At times, the policies behind *Rule 54(b)* and *§ 1292(b)* [*4] may overlap when . . . a final decision as to one party also involves a controlling principle of law for the litigants." *Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460 (1980)*; *Ford Motor Credit Co. v. S.E. Barnhardt & Sons, 664 F2d 377 (3rd Cir. 1981)*. In the case at bar, this Court held defendants liable to plaintiff for insurance coverage pursuant to a combined reading of the applicable provisions of the Uninsured Motorist Act, the Pennsylvania No-Fault Motor Vehicle Act, Pennsylvania Insurance Department regulations, and the pertinent case law regarding insurer obligations. [2]

  2  This Court found defendants liable for Uninsured Motorist Coverage, Personal Injury Protection and liability coverage from $ 1 to $ 25,000, in addition to the coverage provided in the policy.

After careful consideration, this Court deems Title *28 U.S.C. § 1292(b)* a more proper course for appellate certification. Firstly, this is a matter of first impression involving complex state statutory issues that have [*5] not been addressed by the Supreme Court of the Commonwealth of Pennsylvania. The issues regarding statutory interpretation represent the core of the action.

Secondly, the remaining claims are peripheral to a dispute that is essentially an insurance coverage action. If the counterclaims and third party claims are ultimately adjudicated and appealed, it would not amount to duplicative appellate review since the coverage issues are distinct from the fraud/conspiracy/indemnity issues at stake in the third party action. A resolution of the issues on appeal would greatly effect the overall viability of the pending counterclaims and third party claims and thus expedite litigation. By allowing the matter to proceed to appeal now, the court will be promoting a quicker resolution of the entire dispute. Lastly, this Court seeks appellate review because the outcome of this matter could have great impact on public policy within the Commonwealth of Pennsylvania.

Therefore, this Court's Memoranda and Orders dated July 7, 1989 and October 24, 1989 are Certified for Appeal to the Third Circuit Court of Appeals pursuant to Title *28 U.S.C. § 1292(b)*.

An Appropriate Order follows.

*ORDER*

AND NOW, [*6] this 23rd day of May, 1990, upon consideration of the Order of the Third Circuit Court of Appeals dated May 11, 1990 remanding for Reconsideration this Court's Certification pursuant to *Federal Rule of Civil Procedure 54(b)*, IT IS HEREBY ORDERED:

(1) that upon Reconsideration, this Court declines to recertify this matter pursuant to *Federal Rule of Civil Procedure 54(b)*;

(2) that the Interlocutory Orders involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation; and

(3) that this Court's Memoranda and Orders dated July 7, 1989 and October 24, 1989 are Certified for Appeal pursuant to Title *28 U.S.C. § 1292(b)*.