IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA M. MCCLATCHEY, ) | |
| ) | |
| Plaintiff, ) | 3:05-cv-145 |
| ) | (Johnstown) |
| v. ) | |
| ) | |
| THE ASSOCIATED PRESS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Before the Court for consideration and disposition is PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) (*Document No. 71*) of this Court's Memorandum Order dated June 4, 2007 ("Memorandum Order"), which addressed various motions in limine. AP has not filed a response. However, Plaintiff's motion states that counsel for the parties had conferred and that AP did not object to the filing of the motion. Given the exigency of the impending trial date, the Court will resolve the motion without the benefit of AP's response.

Motion for Reconsideration

The standard for evaluation of motions for reconsideration is well-known. A party must point to an intervening change in controlling law, new evidence that was not previously available, or the need to correct clear errors of law or fact to prevent manifest injustice. *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). In this case, McClatchey does not point to any change in controlling law or new evidence, but instead argues that the Court has made a clear error of law.

Although, the Memorandum Order made numerous rulings, Plaintiff seeks reconsideration of only one discrete issue. Specifically, Plaintiff challenges the Court's interpretation of how statutory damages should be calculated under the Digital Millenium

Copyright Act (DMCA), 17 U.S.C. § 1203.  As set forth in the Memorandum Order, McClatchey claims entitlement to a separate statutory award for distribution of the End of Serenity photograph to each of AP's 1, 147 PhotoStream subscribers on the basis that each is a separate violation of the DMCA.  AP contends that the term "violation" in the DMCA is meant to encompass all related conduct, regardless of the number of downstream recipients such that the distribution of false copyright management information ("CMI") to all AP PhotoStream subscribers was only a single violation.

> The relevant statutory provision is 17 U.S.C. § 1203(c)(3), which states:
>
> (3) Statutory damages. – (A) At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for **each violation** of section 1201 in the sum of not less than $200 or more than $2,500 **per act** of circumvention, device, product, component, offer, or performance of service, as the court considers just.
>
>> (B) At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for **each violation** of section 1202 in the sum of not less than $2,500 or more than $25,000.

(Emphasis added).  The Memorandum Order recognized that this is an issue of first impression.

The motion for reconsideration essentially restates the arguments presented in Plaintiff's prior briefs.   The Court continues to adhere to its original analysis.  Under the hypothetical Plaintiff poses at page 4 of the motion for reconsideration, Microsoft presumably would elect to pursue actual damages under the DMCA against Person B.  *Nimmer on Copyright* is a respected treatise, but its suggested statutory interpretation is not binding on this Court.  As explained in the Memorandum Order, the Court finds *Garden City Boxing Club, Inc. v Perez*, 2006 WL 2265039 *5 (E.D.N.Y. Aug. 8, 2006) to be analogous because it involved a single wrongful act (intercepting a pay-per-view signal) that was shown to multiple patrons-viewers.  Plaintiff recognizes in her request for interlocutory appeal that this is an issue of law, not a factual question for the jury.  Accordingly, the Motion for Reconsideration will be denied.

Motion to Certify for Interlocutory Appeal

The familiar standard for deciding whether to certify an issue for interlocutory appeal is succinctly set forth in *Russ-Tobias v. Pennsylvania Board of Probation and Parole*, 2006 WL 516771 (E.D. Pa. 2006):

> A district court may certify an order for an interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. 1292(b) (2006). In other words, I may certify an interlocutory order for immediate appeal where that order meets three conditions: "[t]he Order must (1) involve a controlling question of law, (2) offer grounds for difference of opinion as to its correctness, and (3) if appealed immediately[,] materially advance the ultimate termination of the litigation."

*Id.* at *32. Given the exigencies of the impending trial date, Defendant did not have an opportunity to respond to Plaintiff's motion. However, Defendant's input is not necessary as the Court has the authority to certify the order sua sponte. *Id.* at n.6 (citations omitted). The Court is mindful of the strong policy against piecemeal appeals and that certification is appropriate only in exceptional cases. *Id.*

The Court concludes that the standard is met in this case. The calculation of statutory damages under section 1203 of the DMCA is a controlling question of law. There are grounds for difference of opinion, as this is a statutory interpretation issue of first impression and a respected treatise supports Plaintiff's view. The Memorandum Order recognized that the analogies proposed by each side were inexact. The impact of this issue on Plaintiff's claim for damages is substantial - it will determine whether Plaintiff can recover 1,147 statutory damages awards or only a single award. There is no principled middle ground. Immediate resolution of the issue will materially advance the ultimate termination of the litigation. As a practical matter, it is highly unlikely that the case will settle until there is an authoritative construction of the statute. Indeed, Plaintiff flatly avers: "Because of the vast difference in the potential damages regarding the issue presented, this case cannot be finally resolved until this issue is heard on appeal." A trial under the current circumstances would not be an efficient use of resources for

the parties or the Court.  Accordingly, the Court certifies this issue for immediate appeal. Pursuant to 28 U.S.C. § 1292(b), the Court of Appeals has discretion to permit an appeal taken from this order, if application is made to it within ten days.  All proceedings in the district court shall be stayed pending resolution of the interlocutory appeal.

In accordance with the foregoing, PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) (*Document No. 71*) is **GRANTED IN PART AND DENIED IN PART** as follows: the motion for reconsideration is **DENIED** and the motion for certification of interlocutory appeal is **GRANTED**.  The Court's Memorandum Order dated June 4, 2007 is **CERTIFIED FOR INTERLOCUTORY APPEAL** pursuant to 28 U.S.C. § 1292(b), the Court being of the opinion that the issue of the calculation of statutory damages under the DMCA is a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  All proceedings in this Court are stayed pending resolution of the interlocutory appeal.

SO ORDERED this 8th day of June, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Douglas M. Hall, Esquire
Email: dhall@nshn.com
John E. Hall, Esquire
Email: jhall@eckertseamans.com
Kara L. Szpondowski, Esquire
Email: szpondowski@nshn.com

Gayle C. Sproul, Esquire
Email: gsproul@lskslaw.com
Robert Penchina, Esquire
Email: rpenchina@lskslaw.com
Michael L. Berry, Esquire
Email: mberry@lskslaw.com