```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


VALENCIA M. McCLATCHEY,

          Plaintiff,
                                         Civil Action
     vs.
                                         No. 05-145 J
ASSOCIATED PRESS,

          Defendant.
_____



     Transcript of proceedings on April 20, 2007,
United States District Court, Pittsburgh, Pennsylvania,
before Terrence F. McVerry, District Judge



APPEARANCES:

For the Plaintiff:         Douglas M. Hall, Esq.
                           John E. Hall, Esq.



For the Defendant:         Robert Penchina, Esq.




Court Reporter:            Richard T. Ford, RMR, CRR
                           619 U.S. Courthouse
                           Pittsburgh, PA  15219
                           (412) 261-0802




Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

```
 1            (Proceedings held in open court; April 20, 2007).
 2                 THE COURT:  Good afternoon.  It is Friday,
 3   April 20th, 2007, at approximately 2 p.m., the date and time
 4   scheduled for a pretrial conference in the matter of
 5   Valencia M. McClatchey versus Associated Press, at
 6   No. 05-CV-145.
 7                 Would counsel for the Plaintiff and for the
 8   Defendant enter your respective appearances on the record.
 9                 MR. DOUGLAS HALL:  Yes, Your Honor, this is Douglas
10   Hall on behalf of Plaintiff.
11                 MR. JOHN HALL:  John Hall on behalf of the
12   Plaintiff.
13                 MR. PENCHINA:  Robert Penchina of the firm Levine
14   Sullivan for the Defendant.
15                 THE COURT:  Thank you.
16                 As you know, this case was previously pending
17   before Judge Gibson in Johnstown, and on February 22nd he
18   issued an order of recusal and the case was reassigned to me.
19                 On the 9th of March of this year this Court entered
20   an order denying AP's motion for summary judgment and issued a
21   pretrial scheduling order.
22                 I note that the Plaintiff filed its pretrial
23   statement and I believe the defense filed its yesterday and we
24   got a hand-delivered courtesy copy today.
25                 The first thing that I want to -- and I recognize
```

```
 1   that the case has to do with the 9/11/01 photograph of
 2   Flight 93 in Shanksville taken by Valencia McClatchey taken on
 3   that date.  It wouldn't have been on another date.  And I
 4   first ask the counsel for the Plaintiff if you persist -- and
 5   I don't use that word pejoratively -- in your insistence on a
 6   jury trial?
 7             MR. DOUGLAS HALL:  Yes, Your Honor.
 8             THE COURT:  And I ask whether or not there have
 9   been any settlement negotiations between counsel relative to
10   an amicable resolution of this matter?
11             MR. DOUGLAS HALL:  What we have decided, we just
12   spoke on the telephone yesterday, and decided that Plaintiffs
13   are going to make a written offer within one week, by next
14   Friday.  Then Defendant is going to have a week to counter
15   that offer.  At that point we decided if we are close enough,
16   we would like to pursue a one-day mediation, perhaps a half
17   day mediation, because expenses, we want to keep them down, if
18   possible, but I think we are also in agreement that we don't
19   want that to delay any setting of a trial date because at the
20   moment I don't think we are very close based on where we were
21   at the beginning of the case.
22             THE COURT:  Well, you anticipated my next question,
23   and that was going to be ADR.  Is ADR a reasonable option at
24   this juncture?  And I understand that neither of you will know
25   that until you make a demand and your client reacts.  So,
```

1  okay, that's good.  Well, it's good for today.  We will see
2  how good it is.
3           Let me ask you a few other questions and then I
4  will give you my take on where we are.  I notice that in the
5  Plaintiff's pretrial statement you have listed six witnesses
6  and in the defense pretrial you have listed seven witnesses,
7  and there is significant overlap as to who those people are.
8  There are only a small number of people, it appears, who have
9  firsthand knowledge of the operative facts, and you are each
10 going to be calling them for one reason or another, or for
11 your respective reasons.
12          That really takes me to asking Mr. Hall what his
13 best estimate would be of the number of trial days it would
14 take to present your case.
15          MR. DOUGLAS HALL:  I would think a day to a day and
16 a half, depending on, obviously, on the cross.  Especially
17 because it is considerable overlap of witnesses, I am assuming
18 Defendants will put in their case at the same time that the
19 witness is on the stand the first time.  But a day and a half
20 for our case, and I think depending on --
21          THE COURT:  Well, I am going to ask the Defendant.
22          MR. PENCHINA:  And, in fact, we had conferred on
23 that subject also and I think we both have the sense that
24 between us it would be about three trial days.
25          THE COURT:  Three?

```
 1              MR. PENCHINA:  Three total.
 2              THE COURT:  One and a half, one and a half?
 3              MR. PENCHINA:  Yes, Your Honor.
 4              THE COURT:  Are you factoring into that your
 5   openings and closings or just witness presentation?
 6              MR. DOUGLAS HALL:  I would think that includes
 7   openings and closings.
 8              THE COURT:  So we can try this case with selection
 9   and the entire trial in one trial week.  And a trial week here
10   is generally four days, Fridays being left open for things
11   like this.  But if we have a solid estimate that it would take
12   five days, I don't like to go over the weekend, I would cancel
13   Friday's things and go to trial on Friday.
14              MR. PENCHINA:  I think our sense is that the four
15   days is realistic.
16              MR. DOUGLAS HALL:  Yes, Your Honor.
17              THE COURT:  Okay.  The next question is, you have
18   listed 262 exhibits, Mr. Hall.  The Defendant has listed 128.
19   I haven't done any cross-checking of those, but there is
20   probably a lot of duplication there too.  How many exhibits do
21   you truly think you will be using?
22              MR. DOUGLAS HALL:  Out of that list, a lot of those
23   are individual photographs from a website, so they could
24   probably be grouped together.  I would say probably 20, 25, in
25   that range.  This is just on our case, not rebuttal.
```

```
 1                THE COURT:  What about you, Mr. Penchina?
 2                MR. PENCHINA:  I would say in the range of 50 at
 3   most.
 4                THE COURT:  50?
 5                MR. PENCHINA:  50.
 6                THE COURT:  Okay.  How much time do you need to be
 7   ready to go to trial?
 8                MR. DOUGLAS HALL:  We could be ready to go to trial
 9   in two weeks, but --
10                THE COURT:  Okay.
11                MR. DOUGLAS HALL:  So I guess the answer is we are
12   pretty much ready.
13                THE COURT:  And you?
14                MR. PENCHINA:  We also conferred on that subject
15   and I think we both thought that June would be the optimum
16   date assuming that would work for the Court.
17                THE COURT:  It probably will work for me.  I am
18   going to try to get as many cases that are trial ready tried
19   between now and September 1st because I go out of commission
20   then starting a capital homicide case in this room that's
21   scheduled for months.  So I will be out of action.  So to -- I
22   will be in action, but out of action for all other civil cases
23   during that period of time.
24                So, however, that having been said, one of the
25   things I observe in looking over your respective pretrial
```

1  statements is that you have each issued or cited a number of
2  legal issues that have to be determined, and I hope that you
3  weren't thinking you were going to get oral orders on those
4  legal issues today, because you are not.  But it appears to me
5  as though these are matters that would be properly raised in a
6  motion in limine.
7          It is my practice to, when scheduling trial,
8  depending upon the complexity of the case and the complexity
9  of the issues, when scheduling trial I also issue a schedule
10 for the filing of motions in limine and a week's response.
11 That's usually two to three to four weeks out from the trial
12 date so that I have time to be able to rule on those motions
13 in limine before you come traipsing in here and start putting
14 your witnesses on the stand and find out that they are not
15 going to be able to testify.
16         It strikes me, at first blush -- and I have only
17 just glanced through your issues -- but it strikes me as
18 though if you were to prevail on some of your issues, the
19 damages in this case would shrink tremendously.  If he were
20 not to prevail, the damages could be quite significant.
21 Right?
22         MR. DOUGLAS HALL:  Yes, Your Honor.
23         THE COURT:  Okay.  Correct me if I'm wrong, but I
24 doubt that I need to hear any testimony in order to rule on
25 these legal issues relative to damages and whatever else you

```
 1   have raised in here; is that correct?
 2              MR. PENCHINA:  That is correct, those are matters
 3   of law.
 4              THE COURT:  Okay.  Well, then what I would like to
 5   do, I don't want to put you under any particular pressure, but
 6   rather than giving you a trial date right now -- and the trial
 7   date we are looking at would be June 25th.  We could give you
 8   a firm date there.  But it could be earlier or it could be
 9   later based upon when you might submit your motions in limine,
10   briefs in support and opposition.
11              In a case like this, my preference would be that
12   you go right back to your office and start working on those
13   motions in limine and get them in to me within two weeks.
14   Then you will each have a week to respond to the other's
15   motion.  Then I will have them teed up and we will try to get
16   them ruled upon sooner rather than later because that may
17   prompt the ADR, it may prompt you wanting to come back here
18   and discuss settlement, it may prompt you settling the case on
19   your own, or it may prompt a firm date being scheduled.
20              I could actually give you that date if you wanted
21   it, but I could also give you an earlier date once I got back
22   in my office and looked over the calendar.  Because I know I
23   have some time in -- do I have some time in late May?  It is
24   really early May, isn't it?
25              In any event, if you decided that June is an
```

```
 1   optimum date, that's an okay time for me and I can -- I won't
 2   schedule something on that date.  So you can tentatively
 3   pencil that in on your calendar.  Or else we could just issue
 4   a trial order and schedule it on that date and just give them
 5   a very early time for motions in limine.
 6              Can you do that?  Can you get your motions in
 7   limine in within a week or two?
 8              MR. DOUGLAS HALL:  Two weeks for us would be fine.
 9              MR. PENCHINA:  Two weeks.
10              THE COURT:  You will each file at the same time.
11   Then you will each have a week to respond to the other.  Then
12   you will have teed up the issues and we will look at them
13   immediately upon receipt and try to rule on them as reasonably
14   fast as we can, given we will already be in May.  Right?
15              MR. PENCHINA:  Yes.
16              THE COURT:  May 11th will be the response date.  So
17   hopefully we would have those ruled upon, I can't promise you
18   this date, but I am looking at maybe by June 1st.  That gives
19   us a couple weeks and it gives you a couple weeks to see where
20   you are going then.
21              There won't be any experts in this case, right?  I
22   see neither of you filed any expert reports.
23              Any need for special trial equipment or anything?
24   We have an Elmo in here and we have -- you can hook up
25   computer-wise to use these plasma screens on each side of the
```

```
 1   jury to set up for -- and these monitors obviously will give
 2   you views of the exhibits.  You can do the old-fashioned
 3   tripod if you like and charts.
 4            MR. DOUGLAS HALL:  We would probably just use the
 5   Elmo and the charts, that's generally how we do it.
 6            THE COURT:  If you want anything special, like a
 7   huge screen, sometimes people bring in a huge screen and put
 8   it over there, that's on you.  We don't have it.  But whatever
 9   we have, you can find out from Kelly or our IT department
10   and -- you can't find out from me how you hook up these things
11   because I am not technologically savvy.  However we can
12   accommodate you in that regard.  And otherwise you can bring
13   in your own equipment for special needs.
14            There will be dates in the pretrial scheduling
15   order for you to submit proposed voir dire questions if you
16   want me to add to our standard voir dire jury instructions,
17   time frame for filing jury instructions, time frame for
18   submitting marked exhibits.
19            I am trying in my practices and procedures that
20   were just revised, I have changed my exhibit procedure whereby
21   you're required to jointly meet and submit joint exhibits, 1,
22   2, 3, 4, 5, whatever those numbers are.  If you are each going
23   to be using the same exhibit, it will be a joint exhibit.
24   Then if there are Plaintiff's exhibits that are different, it
25   will be Plaintiff's Exhibit 11, 12, 13, 14.  Then it will be
```

```
 1  Defendant's Exhibits 15, 16, 17, 18.  So the numbers won't
 2  duplicate, they will keep going through.  The first grouping
 3  will be joint, then Plaintiff's, then Defendant's.
 4          Then you will submit marked exhibits to me in
 5  advance of the trial; and if either of you have objections to
 6  the other's, then to the extent that you can make that known
 7  to me in advance of trial, I will try to rule on it in advance
 8  of trial.  Sometimes you can't until you have some testimony
 9  or other evidence, but we will deal with it in that fashion.
10          Okay.  I don't think there's anything more that I
11  need to know or cover.  Anything you need to know or cover?
12  Any questions?
13          MR. DOUGLAS HALL:  No, Your Honor.
14          THE COURT:  Comments?
15          MR. PENCHINA:  No, Your Honor.
16          THE COURT:  Do I remember correctly, Mr. Hall, that
17  you went to school with one of my daughters at Mt. Lebanon
18  High School?
19          MR. DOUGLAS HALL:  Yes.
20          THE COURT:  Okay.  Mr. Hall and one of my daughters
21  were in the same class at Mt. Lebanon High School.  I have
22  known Mr. Hall's father since he was a year behind me in law
23  school.  We never practiced together.  So I know the Hall
24  family.  But to be honest with you, it is not going affect
25  anything I am going to do, but I wanted you to know that.
```

```
 1            MR. PENCHINA:  I appreciate it, Your Honor, and
 2   that does not seem to trouble me at all.
 3            THE COURT:  Okay.  I won't hold that against you
 4   either, Mr. Hall.  I won't ask my daughter about you.
 5            MR. DOUGLAS HALL:  She went to Duke also.
 6            THE COURT:  Yes, that's right, the same college.
 7            MR. DOUGLAS HALL:  Let's hope she doesn't know any
 8   stories.
 9            THE COURT:  Mr. Hall and I sent our children's
10   inheritance to Duke.  I am glad it's not now because it's
11   changed a lot in the last ten years I think.
12            Okay.  Well, thanks for coming in and we will move
13   ahead with a tentative trial date of June 25th.  Get the
14   motions in limine in, we will rule on them as soon as possible
15   and then see where it takes us.
16            MR. PENCHINA:  Thank you.
17            MR. DOUGLAS HALL:  Thank you, Your Honor.
18            MR. JOHN HALL:  Thanks, Judge.
19        (Record closed).
20
21
22
                        C E R T I F I C A T E
23
             I, Richard T. Ford, certify that the foregoing
24   is a correct transcript from the record of proceedings in the
     above-titled matter.
25   S/Richard T. Ford    _____
```